ALBERTO E. WOOD, EXR., *vs*. WILLIAM R. PAGE *et al.*

PROVIDENCE—JANUARY 26, 1903.

PRESENT : Stiness, C. J., Douglas and Dubois, JJ.

(1) *Landlord and Tenant.    Estate for Years.    Termination of Tenancy.*
A. made a parol lease of premises to B. for one year from the first day of November, 1900, and died on the first day of March, 1901.    B. occupied

the premises under the lease until November 1, 1901, and continued in occupation, although served with a notice by the executor of A. on the first day of April to quit and deliver up possession on the fifth day of that month, he claiming to be a tenant from year to year by virtue of such occupation, and entitled to a quarter's notice ending November 1, 1902 :—

*Held*, that, as the agreement as to time was definite, the letting terminated at that time under Gen. Laws cap. 269, § 6, and B. became a tenant at sufferance thereafter, subject to be divested of the same by notice to quit, which was duly served.

*Quære*, if the rule would have been different had A. lived and permitted B. to continue in occupation beyond the time fixed.

TRESPASS AND EJECTMENT.    Heard on petition of defendant for new trial, and petition denied.

DUBOIS, J.    At the trial of the case, before Mr. Justice Tillinghast and a jury, it appeared that Richard M. Grayson made a parol lease of the premises described in the declaration to the defendant Page for one year from the first day of November, 1900, and died testate on the first day of March following ; that his will was duly proved on the thirteenth day of April of the same year, and letters testamentary were issued to the plaintiff, the executor named therein ; that William R. Page occupied the premises under the lease until November 1, 1901, and continued in occupation after the service of the writ, April 11, 1902, although served with a notice on the first day of said April to quit and deliver up possession of the premises to the plaintiff on the fifth day of that month, he claiming to be a tenant from year to year by virtue of such occupation, and entitled to a quarter's notice ending November 1, 1902.

The presiding justice directed the jury to return a verdict for the plaintiff, upon the ground that when the year expired the term expired, and after that the defendant Page became simply a tenant at sufferance.

The petition for a new trial is based upon this ruling, which is claimed to be erroneous.

(1)    It has been held that the nature of an estate from year to year is a lease for a year certain, with a growing interest during every year thereafter springing out of the original contract and parcel of it ; consequently the moment any new year

begins the tenant has a right to hold to the end of that year, but it is not to be considered as a continuous tenancy but as recommencing every year. *Gandy* v. *Jubber*, 5 B. & S. 78 ; *Oxley* v. *James*, 13 M. & W. 214 ; *Cattley* v. *Arnold*, 1 Johns. & H. 651.

Under Gen. Laws R. I. cap. 269, § 6, "The time agreed upon in a definite letting shall be the termination thereof. for all purposes ; and if there be no time of termination agreed upon, it shall be deemed a letting from year to year."

However the case might have been had Mr. Grayson lived beyond November 1, 1901, and had permitted the defendant to continue in occupation beyond that time, such is not the case ; and we do not believe it will serve any useful purpose to encumber the estates of persons deceased with tenancies created by implication after death of the lessors and not arising out of the acts or non-action of the decedents themselves.

As in the case at bar the agreement as to time was definite, the letting terminated at that time and the defendant became tenant at sufferance thereafter, subject to be divested of the same by notice to quit, which was duly served upon him, as hereinbefore set forth.

Hence the ruling of Mr. Justice Tillinghast was correct, and must be sustained.

Petition for new trial denied, and case remanded to the Common Pleas Division for further proceedings.

*C. E. Salisbury and J. C. Collins, Jr.*, for plaintiff.

*F. P. Owen and Page & Page & Cushing*, for defendants.