JOHN J. ROURKE *vs.* HORATIO FRASER.

JUNE 18, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Landlord and Tenant. Tenancy by Sufferance.*

Where tenant had premises under a lease for a term of years with privilege of renewal, the rental for the extended term to be fixed by agreement or arbitration and the negotiations for renewal were without result and tenant continued in possession after the original term paying the same rental, for a number of months until the lessor refused to accept further payments and brought ejectment.

*Held,* that the term of letting by the original lease being definite, tenant's right to the premises terminated at the close of the period specified in that lease and thereafter he was a tenant at sufferance.

*(2) Landlord and Tenant. Renewal of Lease.*

Where a lease provided for its renewal the rental for the extended term to be fixed by agreement or arbitration, and the parties negotiated for a lease varying in terms from that originally covered by the covenant for renewal, which negotiations failed of any result, the lease expired, and the fact that tenant remained in possession after the expiration of the original term paying the original rent in view of the fact that it appeared to be the intent of the parties to enter into a new contract is not sufficient to create a renewal.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and overruled.

VINCENT, J. This is an action of trespass and ejectment to recover possession of a store and office room at 252 Canal street in the city of Providence.

The defendant came into possession of the premises under a lease from the plaintiff for a term of five years which expired on July 1, 1918. The rental was twenty-five dollars

per month, payable in advance. The lease contained a covenant of renewal for an additional period of five years, the rental for the extended period to be fixed by agreement or arbitration. The defendant continued to occupy the leased premises without let or hindrance from the plaintiff during the period covered by the lease. As the expiration of the defendant's term approached the plaintiff and defendant engaged in some negotiations relative to a renewal of the lease for the additional period of five years. From these negotiations between the parties it is evident that a new contract was discussed differing in some respects from the provisions of the original lease. For instance the defendant was to give up the office on the second floor without any diminution in the rent which would practically amount to an increase of rent for the part remaining. There was some disagreement between the parties as to the payment of the water bill. Each party had a lease prepared which failed to provoke the favorable consideration of the other. Without pursuing further the history of these negotiations looking to the settlement of the matter of a new lease, it is sufficient to say that they practically amounted to nothing. No agreement was reached as to the exact terms and conditions under which the defendant should occupy the premises, wholly or in part, for a further period. Upon the expiration of the original lease the defendant continued in possession of the premises, including the office on the second floor, for some thirteen or fourteen months paying to the defendant twenty-five dollars per month, being the same amount which he had previously paid under the lease. These payments were continued down to and including August 1, 1919. Thereafter the rent tendered by the defendant was refused by the plaintiff.

On August 4, 1919 the plaintiff notified the defendant to quit the premises in question on the first day of September following. The defendant having failed to relinquish possession within the time specified, the plaintiff brought his suit against the defendant in trespass and ejectment in the

District Court of the Sixth Judicial District on September 19, 1919, where a decision was subsequently rendered for the defendant. A jury trial was claimed by the plaintiff, the case was tried to a jury in the Superior Court and at the conclusion of the testimony the trial court directed a verdict for the plaintiff for possession.

The case is now before us upon the exceptions of the defendant: (1) To the refusal of the trial court to direct a verdict for the defendant; and (2) to the ruling of the court directing a verdict for the plaintiff.

(1) The trial court in directing a verdict for the plaintiff proceeded upon the theory that the defendant was a tenant at sufferance. The term of letting by the original lease was definite and the defendant's right to the use and occupation of the premises terminated at the close of the period specified in that lease and we think that thereafter the defendant was a tenant at sufferance. The general rule is that, "A tenancy at sufferance arises where a person coming into possession rightfully, holds over without right. . . . So if the owner of a particular estate remain in possession after his estate has terminated he may be regarded as a tenant at sufferance." 16 R. C. L. 617.

In *Wood* v. *Page*, 24 R. I. 594, a suit in trespass and ejectment, the presiding justice directed the jury to return a verdict for the plaintiff upon the ground that when the year expired the term expired, and after that the defendant became simply a tenant at sufferance and upon a petition for a new trial this court held the ruling of the trial judge to be correct. We think that in the case at bar the trial judge was correct in his conclusion that the landlord might properly treat defendant as a tenant at sufferance. We do not think that the payment of rent by the defendant for the period during which he was a tenant at sufferance has any important bearing in determining the questions submitted to us. Our statute provides, Chapter 334, Secs. 1 and 2, General Laws of R. I., 1909, that tenants by sufferance shall quit upon notice in writing from the landlord at the

day named therein and also that tenants by sufferance shall be liable to pay rent therefor for such times as they may occupy or detain the same.

(2) The defendant claims that he is entitled to a renewal of the lease for another period of five years following the expiration of the original lease on July 1, 1918. It appears from the evidence produced by both parties that neither intended to renew the lease in its original form but that their negotiations for the future occupancy by the defendant were directed to a contract varying in terms from that originally covered by the covenant for renewal. It cannot be said, under the testimony, that either desired to renew the terms of the former letting. That the plaintiff did not intend to renew is evidenced by the new lease which he caused to be prepared omitting therefrom the office room; incorporating a provision that the defendant should pay the water bill, etc. It seems to us that the original lease expired without the intent of either party to renew it but that the parties contemplated the execution of a new lease not embracing all of the premises of the former lease and which involved a rearrangement of the rental.

The authorities cited by the defendant to the effect that when a lease provides that a tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease and that the mere holding over after the expiration of the specified term will constitute an election to hold for the additional term are not helpful, in a case like the present, when it appears to be the intent of the parties to enter into a new and different contract.

The defendant cites the case of *Andrews* v. *Marshall Creamery Co.*, 118 Iowa 595 in support of the proposition that the mere enjoyment of the privilege of renewal by continuing in possession is enough to bring the extended occupation within the original contract, but the court in that case distinctly stated that in order to create a renewal the conditions must be the same as those under which the

first term was enjoyed which is not the situation in the case at bar.

The defendant was duly notified to quit the premises and we think that the verdict for the plaintiff was properly directed by the trial court.

The defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict as directed.

*George F. Troy*, for plaintiff.

*Curtis & Ball, Joseph W. Grimes*, of counsel, for defendants.