WILLIAM C. GREENE, Trustee, *vs.* FANNIE L. WALSH.

MARCH 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Direction of Verdict.   Exceptions.*

Where a verdict for plaintiff was directed by the court, on exceptions plaintiff cannot set up a claim based on disputed facts which if material should have been submitted to the jury.

*(2)   Landlord and Tenant.   Holding Over Term.   Notice to Quit.*

Where after the termination of a written lease, for the term of two years, the tenant was allowed to remain in possession to give her a reasonable opportunity to decide whether she would buy the property, tenant expressly refusing to be bound by the terms of the old lease, the determination of the status of the tenant whether as a trespasser or tenant, rested with the landlord, and not with the tenant and having accepted rent for a month, a tenancy was thereby recognized by the landlord which under the circumstances was a tenancy by sufferance or perhaps technically at will, and a notice to quit given more than half a month before the end of the current month was valid even if the tenancy be regarded as a monthly tenancy.

*(3)   Landlord and Tenant.   Yearly Tenancy.   Holding Over Term.*

The mere holding over after a term for years and the payment of rent does not necessarily establish a yearly tenancy in favor of the tenant.

*(4)   Assessment.   Nominal Damages.*

In an action of trespass and ejectment for the recovery of a house and lot, defendant cannot complain of the form of a verdict because of the assessment of nominal damages, since the assessment of nominal damages is merely a formal error, and is immaterial.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and overruled.

STEARNS, J. This is an action of trespass and ejectment for the recovery of a house and lot in the city of Providence, which was begun and tried in the Sixth District Court. Decision was given for the plaintiff, and defendant thereupon claimed a jury trial. At the conclusion of the testimony in the Superior Court, the trial justice granted the motion of plaintiff and directed the jury to return a verdict for the plaintiff for possession and ten (10) cents damages, and denied the motion of defendant for the direction of a verdict for the defendant. To each of these rulings defendant took exception and the case is now in this court on defendant's bill of exceptions.

Defendant also excepted to the reception of the court of a verdict for plaintiff by direction of the court assessing damages for plaintiff in the sum of ten cents.

The writ contains three counts, the first of which alleges plaintiff was seized in leasehold of the premises in question and a wrongful detention of possession by defendant. The second count alleges that defendant hired the premises from plaintiff July 1, 1920, for the term of two years, the third count alleges a hiring from said date for a period of three months and in each count is alleged a wrongful holding over by the tenant and a refusal to surrender possession.

It appears defendant had been a tenant of plaintiff for a number of years. On July 1, 1918, plaintiff and defendant executed a written lease for a term of two years ending June 30, 1920, at an annual rental of $500 payable monthly in advance. By the terms of the lease it was agreed that the lessor could terminate the lease at any time, for the purpose of selling the property, by giving three months' notice in writing to the lessee, and the latter had the privilege to terminate the lease on three months' notice.

In the spring of 1920 the parties had some negotiations relative to the making of a new lease for a two years' period at the expiration of the existing lease, with an increase of the

rent to $600 per year. The attorney for plaintiff testified that it was well known that plaintiff wanted to sell the property and knew of prospective purchasers. During this period defendant was considering the purchase of the property and was making inquiries in regard to title, cost, etc. On June 28, 1920, the attorney and agent for plaintiff, by letter of that date, gave to defendant, in response to her inquiry, detailed information, in regard to the ground rent of the leasehold property, taxes, and insurance carried thereon. On the same day plaintiff executed a new lease to defendant for a period of two years from July 1, the only other change therein from the terms of the existing lease was in the change in rental from $500 to $600. The rent as in the old lease was made payable in equal monthly payments on the first day of each month.

Plaintiff's agent testifies that the new lease on June 29th was presented to defendant for her signature, and also at the same time a written notice from plaintiff to defendant, that plaintiff proposed to sell the property and the defendant's tenancy was terminated on October 1, 1920; that defendant took both papers and then returned them to the agent, stating that she did not wish to sign the lease or to take the notice, but that the matter would all be fixed up before October 1, 1920; that the agent then said that as she had not signed the lease he would allow her to remain in the house until October 1st and that defendant assented to this. The defendant testified she was not in the agent's office June 29th and that she never received the notice to quit referred to; she admits that she did receive the new lease at some time, which she is unable to fix definitely, and testifies that she refused to sign the new lease because of the clause therein relative to three months' notice. Defendant continued in possession after July 1, until October 1, 1920, and paid each month the increased rental. Negotiations for the purchase of the property were continued during this period and defendant offered to pay $2,800 for the premises. By letter of August 17, 1920 to defendant, the plaintiff's agent accepted the offer provided the purchase price was paid on

or before August 21st.    Owing apparently to the refusal of defendant to pay the taxes on the land the sale was not consummated but defendant testified that she still wished to buy the property if she could buy it right.    On September 11, 1920, plaintiff served a written notice upon the defendant to quit the premises on October 1, 1920.    This notice referred to the notice previously given to defendant to quit October 1 as the landlord proposed selling the property and concluded as follows:   ''I hereby repeat and confirm said notice as above stated and expect that possession of the above premises will be delivered up to me October 1, 1920, in compliance with said notice.''   On the same day, September 11, there is testimony not contradicted that defendant went to the office of plaintiff's agent and stated that she wanted to buy the property but was unable to get the money;   that defendant was again told that she had until October 1st and that something must be done before that time, to which defendant replied that she expected to have the matter disposed of before that time.

Defendant later in September made a tender of the rent in advance for the month of October, which was refused, and as she remained in possession after October 1st this proceeding in ejectment was begun on October 6th.

Defendant claims that at the expiration of the lease on July 1st she became a tenant from year to year as she continued to occupy the premises and the landlord recognized her as a tenant by the acceptance of the monthly installments of the new rental for the period to October 1st.   Plaintiff's contention was that defendant was a tenant by sufferance or a tenant for a fixed term by agreement, ending October 1st. Plaintiff cannot now rely on the claim that the tenancy by agreement was to terminate October 1st as this agreement (1) was denied by defendant and, if material, raised an issue of fact which should have been submitted to the jury.

Eliminating then this contention of plaintiff and taking the view of the testimony most favorable to the claim of defendant we think the most defendant can properly claim, if she is not to be held a tenant by sufferance or at will, is that she

is a tenant from month to month. Defendant relies on *Providence County Savings Bank* v. *Hall*, 16 R. I. 154, in which case it was held when a tenancy is from year to year, if the tenant holds over without any new contract, the landlord may elect to treat the tenant as a trespasser or as a tenant from year to year, and that an election to treat the one holding over as a tenant may be inferred from any unreasonable delay to proceed against him as a trespasser as well as from words or acts directly recognizing him as a tenant. The court, at p. 158, says: "Of course if a tenant remains in possession for some particular time or purpose, by permission of the landlord, he will only be liable, unless he exceeds the permission, for the period of occupation." The case at bar however, is not one where the tenant under a lease from year to year simply holds over without a new lease under the old rental or even under an increased rental. The defendant, according to her own statement, was holding over with the expectation of purchasing the property. Both landlord and tenant contemplated a change in their relationship at the expiration of the old lease, and it is clear that neither party intended thereafter to be bound by the terms of the old lease.

The evidence shows that defendant after July 1st was allowed to remain in possession for a particular purpose, namely, to give her a reasonable opportunity to decide whether she would buy the property. Accepting defendant's version of the facts, at the expiration of her term defendant held over at her peril. She can not now claim that she held over under the terms of the old lease, as she expressly refused to be bound thereby at the expiration of the old lease. The landlord could proceed to eject her from the premises or at his election could hold her as a tenant. The determination of her status relative to the property then rested with the landlord and not with the tenant. Having accepted rent for a month a tenancy was thereby recognized by the landlord. But the mere holding over after a term for years and the payment of rent does not necessarily es-

tablish a yearly tenancy in favor of the tenant. *Rourke* v. *Fraser*, 43 R. I. 71. (110 Atl. 377.) In the circumstances defendant by holding over and occupying the premises with the assent of the landlord became a tenant by sufferance or perhaps technically a tenant at will and as such was only entitled to reasonable notice to quit. *Johnson* v. *Donaldson*, 17 R. I. 107. A tenant by sufferance is required to quit upon notice in writing by the landlord at the day named therein and is liable to pay rent for the time of occupation of the premises. (Gen. Laws, Ch. 334, §§ 1 and 2.) We think the notice of September 11th was a valid and sufficient notice to quit and, as it was given more than half a month before the 1st of October, it was given seasonably even if the tenancy is regarded as a monthly tenancy. (Gen. Laws, Ch. 334, §§ 1, 2 and 3.)

There was no error in the action of the trial court in the direction of a verdict for plaintiff.

The exception to the form of the verdict because of the assessment of nominal damages of ten cents we understand is not pressed by defendant. At most the assessment of nominal damages is merely a formal error and is immaterial.

All of defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Frederick W. O'Connell, Francis B. Keeney, Swan, Keeney & Smith,* for plaintiff.

*Henry M. Boss, Jr., Lee, Boss & McCanna,* for defendant.