RIMNIK CORPORATION *vs.* JOHN WALLACE.

·JULY 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This is an action of trespass and ejectment for possession of a certain store in the city of Providence owned by the plaintiff and occupied by the defendant.   The action was brought in a district court on December 7, 1937, and was later tried, *de novo,* on appeal, in the superior court before a justice sitting without a jury.   His decision was for the plaintiff for possession and costs, and the case is now before us on the defendant's bill of exceptions, in which the only exception relied on is to that decision.

The facts are not substantially in dispute. The defendant came into possession of the premises under a written lease from the plaintiff to him dated September 30, 1935, by which they were demised to him for the term of one year

beginning October 1, 1935, and ending September 30, 1936, at a rent of $480, payable in monthly instalments of $40 each, in advance. It contained an option to the lessee of renewal for the further term of one year, expiring September 30, 1937, at a rent of $540, payable in monthly installments of $45 in advance, and contained also the proviso that written notice of the exercise of the option must be given by the lessee to the lessor not less than sixty days prior to September 30, 1936.

No written notice of the lessee's exercise of this option was given, but the testimony on both sides showed clearly, and the trial justice found, that it was actually exercised by the lessee and that the requirement as to written notice was waived by the lessor. The lessee continued in possession of the premises for the renewal term; and the monthly rent at the rate of $45 per month was paid by him and accepted by the lessor.

It was clearly shown by the testimony on both sides that at least during the last few months of the renewal term of one year there were, from time to time between their agents, discussions as to the parties entering into a new lease for a longer term, to begin at the expiration of the existing renewal term. It was understood that one consideration for the making of such a new lease by the plaintiff would be the installing of new heating apparatus in the premises by the defendant. But no agreement was arrived at, and the matter was still pending on November 1, 1937.

Meantime, after the expiration of the renewal term on September 30, 1937, the defendant continued in possession of the premises and paid to the plaintiff, in advance for the month of October, the sum of $45, which was accepted by the plaintiff. On November 1, 1937, the latter gave to the defendant a written notice to quit and deliver up possession of the premises on November 30, 1937, and was paid by the defendant, and accepted, the sum of $45 as rent for that month. The defendant refused to quit the premises and

has continued in possession, claiming to have become a tenant from year to year from October 1, 1937, at a rent of $540 a year, payable monthly in advance, by reason of his holding over and the payment of rent in advance at that date and its acceptance by the plaintiff.

The trial justice rejected this claim of the defendant and held, in substance, that the plaintiff was not required, on these facts, to treat the defendant as its tenant from year to year, but had the right to treat him as its tenant from month to month; and that it had treated him as such tenant from month to month and had given him a proper notice to quit, which terminated his tenancy on November 30, 1937. We are of the opinion that this decision was correct and supported by the facts and the law applicable thereto.

The defendant seems to admit that the general rule, supported by Rhode Island reported cases, is that if a tenant continues in possession of premises after the expiration of a lease, which has been made to him for a year or for a term of years, the landlord may treat the tenant as a tenant at sufferance or at will or as a tenant from month to month or from year to year. But he says "that the cases involved are cases in which a landlord is suing for the collection of rent."

The defendant says that the instant case is different from the cases which support the above rule, because the plaintiff's action here is one of ejectment for possession; and the defendant contends that, since the plaintiff, as landlord, did not elect to treat the defendant as a trespasser, for continuing in possession after the expiration of the lease, but, on the contrary, afterward accepted from him rent in advance, then he, as a tenant holding over, should have the option of being treated as a tenant from month to month or from year to year as he may choose, and that he has chosen to be treated as a tenant from year to year.

The contention is ingenious, but he has cited no authority which supports it, nor have we found any. On the con-

trary, it is, in our opinion, inconsistent with the many cases in which it has been held that the landlord, if he does not choose to treat as a trespasser a tenant holding over after the expiration of a lease for a year or for a term of years, may accept rent from him and treat him as a tenant by sufferance or at will, or treat him as a tenant from month to month. If he elects to treat the new tenancy as one of any of these three kinds, it necessarily follows that he has the right to terminate it by giving the notice required for terminating a tenancy of that kind. It is not denied by the defendant in the instant case that a proper notice was given to him if he did not become a tenant from year to year.

In *Greene* v. *Walsh,* 43 R. I. 416, 112 A. 801, an action of trespass and ejectment, the defendant, a tenant under a written lease for a term of two years, held over after its expiration, pending negotiations as to a new lease or a sale of the premises by the lessor to the lessee. She rejected a new lease tendered to her and for three months paid rent, which was received by the lessor. She then refused to vacate the premises according to notice from the lessor, and claimed that by virtue of her continued occupation and payment of rent she was a tenant from year to year. This court, at page 419, said that "we think the most defendant can properly claim, if she is not to be held a tenant by sufferance or at will, is that she is a tenant from month to month."

At page 420 this court said: "The defendant, according to her own statement, was holding over with the expectation of purchasing the property. Both landlord and tenant contemplated a change in their relationship at the expiration of the old lease, and it is clear that neither party intended thereafter to be bound by the terms of the old lease, . . .. The determination of her status relative to the property then rested with the landlord and not with the tenant. Having accepted rent for a month a tenancy was thereby recognized by the landlord. But the mere holding over

after a term of years and the payment of rent does not necessarily establish a yearly tenancy in favor of the tenant. *Rourke* v. *Fraser,* 43 R. I. 71, 110 A. 377. In the circumstances defendant by holding over and occupying the premises with the assent of the landlord became a tenant by sufferance or perhaps technically a tenant at will and as such was only entitled to reasonable notice to quit."

The case of *Rourke* v. *Fraser,* cited in the above quotation from *Greene* v. *Walsh,* is closely parallel to the instant case, except that the holding over by the tenant, while negotiations were pending for a new lease, was for thirteen months. This court held that no yearly tenancy was created and that the defendant was only a tenant at sufferance, whose tenancy could be terminated by the landlord accordingly. At page 73 this court said: "We do not think that the payment of rent by the defendant for the period during which he was a tenant at sufferance has any important bearing in determining the questions submitted to us." At page 74 it said: "It seems to us that the original lease expired without the intent of either party to renew it but that the parties contemplated the execution of a new lease not embracing all of the premises of the former lease and which involved a rearrangement of the rental."

We are clearly convinced that the trial justice in the instant case was correct in his findings that the defendant did not become a tenant from year to year and that his tenancy, by holding over and the payment and receipt of rent, was validly terminated by the plaintiff. We therefore sustain his decision for the plaintiff for possession and costs.

The defendant's exception is overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Tillinghast, Collins & Tanner, Russell P. Jones, Westcote H. Chesebrough,* for plaintiff.

*Roger L. McCarthy,* for defendant.