WALTER L. MATHISON *et ux. vs.* WILLIAM V. GRIFFIN *et ux.*

JULY 29, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of trespass and eject-ment which was tried in the superior court before a justice thereof sitting with a jury. At the conclusion of the evidence for the plaintiffs, defendants rested their case and each party moved for a directed verdict. The trial justice denied defendants' motion and granted that of the plaintiffs. The case is here on defendants' exceptions to the rulings of the trial justice on the respective motions for a directed verdict and to certain evidentiary rulings during the trial.

The undisputed evidence shows that on May 7, 1948 the defendants, owners of certain property located at 1086 Narragansett Boulevard, in the city of Cranston in this state, agreed in writing to sell the property to William F.

McInnis of said Cranston, which agreement contained a provision that the premises would be "Free of all occupancy on or before June 15th 1948." Pursuant to said agreement a deed of the property with warranty covenants was executed by the defendants on May 28, 1948 and delivered to Jessie B. McInnis, the wife and nominee of William F. McInnis.

On the same date Jessie B. McInnis and William F. McInnis sold the premises above described, by deed with warranty covenants, to Walter L. Mathison and Melina B. Mathison, his wife, both of Cranston, the plaintiffs in the instant case. There is no evidence that defendants ever attorned either to the McInnises or to the plaintiffs or that they were recognized as tenants by either. On June 15, 1948 the defendants did not give up possession of the premises conveyed by them, in accordance with their written agreement, and on June 17 the plaintiffs gave written notice to the defendants to vacate the premises on June 25, 1948. Failure of the defendants to quit on that date resulted in the instant suit.

Defendants' exceptions numbered 1, 2, 10 and 12 are to rulings of the trial justice in admitting in evidence certain exhibits over the objections of the defendants. Since such exhibits were necessary to establish plaintiffs' chain of title and to prove their right to maintain this action, we are of the opinion that such exhibits were properly admitted. These exceptions are overruled.

Other exceptions are to rulings of the trial justice sustaining plaintiffs' objections to questions appearing in the transcript and to his action in overruling defendants' objections to certain other questions. We have carefully considered all such exceptions and find them to be without merit. They are therefore overruled.

Defendants' last two exceptions are to the refusal of the trial justice to direct a verdict for the defendants and to the ruling of the court directing a verdict for the plaintiffs.

We see no merit in these exceptions. By the terms of their written agreement the defendants were entitled to remain in the premises which they had previously sold only until June 15, 1948. Thereafter, in the absence of an agreement to the contrary, they became tenants at sufferance. The general rule is that a tenancy at sufferance arises where a person, coming into possession rightfully, holds over without right. *Rourke* v. *Fraser,* 43 R. I. 71; *Wood* v. *Page,* 24 R. I. 594. And where the owner of a particular estate remains in possession after his estate has terminated, he may be regarded as a tenant at sufferance. 16 R. C. L. 617, §97.

General laws 1938, chapter 453, §1, provides as follows: "Tenants of land or tenements at will or by sufferance shall quit upon notice in writing from the landlord *at the day named therein."* (italics ours) See also *Payton* v. *Sherburne,* 15 R. I. 213. The notice to quit was a proper and sufficient one and after the date stated therein the defendants, who remained in possession, became trespassers and therefore were not entitled to any further notice to quit. *Union Trust Co.* v. *National Coal Co.,* 66 R. I. 485.

We are of the opinion that the trial justice on the undisputed testimony before him properly directed a verdict for the plaintiffs, and defendants' exception thereto as well as their exception to the refusal of the court to direct a verdict in their favor are overruled.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Kirshenbaum & Kirshenbaum,* for plaintiffs.

*William V. Griffin,* for defendants.