DECISION ON REMAND AND IN THE MOTION TO STRIKE
This case is before this Court on remand from the Rhode Island Supreme Court. In accordance with the Supreme Court's instructions in its December 26, 2000 decision, this Court conducted a trial to determine the issue of whether the Bristol Bay CVS, Inc. (CVS) is liable for rent allegedly accrued after the expiration of a commercial lease with Gooding Realty Corporation (Gooding). Before this Court is CVS's motion for judgment on partial findings pursuant to Super. R. Civ. P. Rule 52(c) and a motion to strike the alleged improper evidence submitted by Gooding in its post-trial memorandum pursuant to Super. R. Civ. P. Rule 12 (3) (B) (f).
 Facts/Travel
On July 2, 1982, Gooding and CVS entered into a lease agreement which by its own terms expired on May 31, 1999. However, in 1998, CVS decided to close the store located on the original lease premises and relocate nearby. In November 1998, CVS vacated the Gooding property and opened another store two miles away in the town of Bristol. However, CVS informed Gooding that it would honor the terms of the original lease and would continue to pay the rent through the date of termination, on May 31, 1999.
On December 23, 1998, Gooding informed CVS, by letter, that it was the obligation of CVS to maintain the property and prevent damage to the premises. As a result, CVS retained a pair of keys to the Gooding property. CVS continued to pay rent until May 31, 1999. Nonetheless, after the lease expired on May 31, 1999, Gooding brought an action for trespass and ejectment in the District Court in September 1999, pursuant to G.L. 1956 § 34-18.1-9. Gooding sought possession of the premises and also a judgment for back rent. Gooding contended that CVS was a holdover tenant because it had retained the keys to the premises, and therefore, CVS was liable for rent following the termination of the lease.
The District Court found that CVS had been a holdover tenant from June 1, 1999, because it had not returned the keys to Gooding. On October 19, 1999, a justice of the Superior Court granted Gooding's motion to dismiss the appeal and entered judgment in favor of Gooding. As a result, the judgment of the District Court for possession of the premises and for recovery of back rent stood. On appeal, the Supreme Court granted certiorari, quashed the judgment dismissing the appeal of CVS, and remanded the case to the Superior Court with instructions to hold a trial on the merits concerning the liability of CVS for rent that allegedly accrued after May 31, 1999. The Rhode Island Supreme Court stated that the trial justice was in error in declining to consider the significant issue of whether CVS was a holdover tenant and whether it remained liable for rent beyond the termination of the commercial lease. See Gooding Realty Corporation v. Bristol Bay CVS, 763 A.2d 650 (R.I. 2000).
 Holdover Tenant Status
A bench trial on this issue was held by this Court. Thereafter, the Appellee moved for judgment on partial findings pursuant to Super. R. Civ. P. Rule 52(c) and moved to strike the alleged improper evidence submitted by Appellant in its post trial memorandum pursuant to Super. R. Civ. P. 12 (3) (B) (f).
Super. R. Civ. P. Rule 52(c) provides in pertinent part:
 Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule. . . .
The movant, CVS, contends its acts in retaining the keys to the leased premises, maintaining the utilities, and leaving behind some debris, do not confer upon it the status of "holdover tenant." Instead, it argues a "holdover tenant" is one who possesses the premises in some way that interferes with the landlord's rights to occupy and re-let. As CVS did not impede Gooding in such fashion, it urges judgment in its favor on partial findings is warranted as a matter of law pursuant to Super. R. Civ. P. Rule 52(c).
In its opposition papers, Gooding argues CVS did not surrender possession of the premises as required by the operative lease. Consequently, it argues CVS is liable for the stipulated rent provided for in the lease from June 1, 1999 through September, 1999. In support of its argument, Gooding introduces evidence of certain newspaper articles. CVS, in its reply memorandum, moves to strike this evidence as hearsay. Additionally, CVS moves to strike evidence introduced by Gooding that it was negotiating to re-let its property to Walgreen's and Brook's Pharmacy. This Court's decision follows the close of all the evidence heard at trial.
The threshold issue before this Court is whether CVS was a holdover tenant. Gooding contends that CVS was a holdover tenant because it retained the "only" set of keys to the premises beyond the termination of the lease. Gooding also argues that CVS's failure to repair "substantial restoration damages" and its failure to respond to various letters from Gooding, notifying CVS of a potential holdover situation, transformed CVS into a holdover tenant. Furthermore, Gooding argues that it was under no obligation of self-help and therefore was not required to have a duplicate set of keys made to gain access to the property. As a result, Gooding contends CVS failed to "deliver up" the premises as required by the lease, thus denying Gooding its rightful claim to possession of the premises.
This court has addressed the status of a tenant who holds over after the expiration of a lease. Rose v. Congdon, 72 R.I. 21, 25-27, 47 A.2d 857, 859-60 (1946); Rimnik Corp. v. Wallace, 61 R.I. 282, 284-85, 200 A.2d 765, 766 (1938). There is a covenant, either express or implied, in all leases that the leased premises be delivered to the landlord upon termination of the lease. Although holding over by the tenant is wrongful, the tenant is not immediately treated as a trespasser. The landlord has the power to determine the status of holdover tenants either by treating them as trespassers or by waiving the wrong of holding over and treating them as tenants. Rose, 72 R.I. at 25, 47 A.2d at 860; Providence County Savings Bank v. Hall, 16 R.I. 154, 156-57, 13 A.2d 122, 124 (1888). When the landlord elects to treat the tenancy as continuing, the tenant is a "tenant from year to year, in case the prior term was for a year or longer; and if the prior term was shorter than a year, then from term to term." Providence County Savings Bank, 16 R.I. at 158, 13 A.2d at 124. See also Bibby's Refrigeration Heating Air Conditioning Inc. v. Robert G. Salisbury, d/b/a Round House Tavern., 603 A.2d 726 (R.I. 1992). "The general rule is that a tenancy at sufferance arises where a person, coming into possession rightfully, holds over without right." Rourke v. Fraser, 43 R.I. 71, 110 A.2d 377 (1920); Wood v. Page, 24 R.I. 594,54 A.2d 372 (1903). "Where the owner of a particular estate remains in possession after his estate has terminated, he may be regarded as a tenant at sufferance." Mathision et ux. v. Griffin et ux., 76 R.I. 16, 67 A.2d 833
(1949).
In most circumstances it is apparent that a tenant is holding over. See Cunningham, et al., The Law of Property § 6.20 pg. 279 (2000). However, it is the borderline situations, which beget the ambiguity of whether a holdover situation exists. The determination of whether a holdover existed is a determination of fact to be determined in light of all the surrounding circumstances. See generally Caserta v. Action for Bridgeport Community Dev., 377 A.2d 856 (Conn. App.Ct. 1976); Comedy v. Vito, 492 A.2d 276 (D.C.Ct.App. 1985); Hoopes v. Prudential Ins. Co. of America, 362 N.E.2d 802 (Ill. 1977) (tenant's keeping the key and leaving the lights on did not make tenant a holdover).
In the instant matter, Gooding views CVS's coverture of the keys to the premises as a symbol of possession. Gooding presents several cases in support of its position. In Talambus v. Louisiana State Board of Education, 401 So.2d 1051 (1981), which Gooding cites, the court was presented with the determination of whether a tenant remained in possession of certain premises after the expiration of the lease where tenant kept keys to the property and left behind knives, hard hats, seats, a blackboard, a power scale, office furniture, and files in the building. The court in Talambus considered the determination of possession a "close question." Based on the fact that the tenant left equipment behind and kept the keys, with the possibility that the tenant may return, the court determined that the tenant remained in possession, at least for a short period of time. Similarly, in Longmier v. Kaufman,663 S.W.2d 385 (Mo.App. 1983), on which Gooding also relies, the court concluded that the tenant's retention of the keys, coupled with his failure to remove items from the property, constituted control and possession of the premises for purposes of holdover status.
As noted, the determination of whether a tenant retains possession is a question of fact to be determined from the surrounding facts of each case. Such a determination is dependent upon the unique circumstances of each case. Notwithstanding case law argued by plaintiff, such is not necessarily persuasive of possession in the instant matter. CVS had vacated the property approximately six months prior to the termination of the lease. Although CVS did not physically occupy the premises, it continued to pay rent to Gooding under the terms of the lease. Gooding contends, however, that CVS's retention of the keys, failure to remove certain items, and continued maintenance of the utilities in CVS's name essentially constituted a constructive possession of the premises.
This Court finds, based on the evidence of record, that CVS's retention of the keys, failure to remove items, and its continued maintenance of the utilities did not rise to the level of possession warranting a holdover tenancy. Here the tenant left behind a satellite dish, storage bins, and wall-mounted devices. These items were not an integral part of CVS's business and were not items that evinced an intent of CVS to return or that would materially interfere with Gooding in possessing the property. The fact that the tenant retained keys beyond the date of the lease is likewise not indicative of its holdover status. As one court noted "if keys are not surrendered, that fact alone is not conclusive that the premises have not been surrendered." First Nat'l City Bank v. Wall Street Leasing Corp., 363 N.Y.S.2d 699 (Dec 1974). "Some courts have held that the mere failure to return the key or keys to leased premises will not establish without more that the tenant is a holdover." Gooding Realty Corp. v. Bristol Bay CVS Inc., 763 A.2d 650, 653-654 (R.I. 2000) (citing Consumers Distributing Co., Ltd. v. Hermann, 107 Nev. 387,812 P.2d 1274, 1277 (1991) ("the failure to return keys does not constitute a holdover"); see also Caserta v. Action for Bridgeport Community Development, Inc., 34 Conn. Sup. 561, 377 A.2d 856, 857 (1976) (where landlord had access to the building, whether or not keys had been returned at some later time, and tenant had completely vacated the building with the exception of a machine left on the premises, landlord did not prove that tenant was a holdover); Hoopes v. Prudential Insurance Co. of America, 362 N.E.2d 802, 805 (Ill. 1977) ("[T]he retention of one key which defendant's secretary used to gain access to the premises to remove a decal from the door may be evidence of possession, but is not conclusive."); 1 American Law of Property, § 3.34 at 240 (1952) ("[l]eaving worthless property on the premises, failure to remove a few articles or the retention of the keys is not . . . holding over within the meaning of the rule"). The evidence before this Court does not clearly demonstrate that the keys were exclusively within the control of CVS and thus prevented Gooding from access to the property. CVS presented evidence that Gooding knew where the key was located and that Gooding repeatedly borrowed the keys. CVS further presented evidence that it was understood that the keys to the premises were located at the new CVS location and could be obtained at the request of Gooding.
Gooding attempts to further support its claim of possession by coupling it with the fact that several items were left behind. However, after a review of the record, this Court finds that the "items" left behind by CVS were of a nature that did not interfere with Gooding's ability to possess the property. "Leaving property on the premises may, but does not always, constitute a holding over, and whether the leaving of property or a part of it on the premises by the tenant does or does not constitute a holding over is usually a question of fact to be determined in light of all the surrounding circumstances." Caserta v. Action for Bridgeport Community Development, Inc., 34 Conn. Sup. 561, 377 A.2d 856, 857 (1976). In Caserta, the court determined that the premises had been completely vacated, except for a machine, and the landlord had access to the building, regardless of whether or not the keys were surrendered some time after the lease. The court in Caserta was unable to determine the extent to which the machine interfered with the landlord's use and possession of the property. The court stated that the mere presence of the machine on the property, absent some facts of the level of interference with the property, would not sustain the burden of proving a holding over situation. Similarly, in the instant matter, CVS's leaving behind of a satellite dish, storage bins and wall-mounted devices did not constitute such an interference with the property that a holding over occurred.
Furthermore, the subject property had been vacant for approximately six months. CVS left the property in November and relocated, with no intent to return to the subject property. Gooding's contention that it was in doubt as to whether CVS had actually vacated and that it had no idea as to whether Appellee would continue its tenancy is neither credible nor legally sufficient. Gooding was aware that CVS did not plan on returning to the subject property. The record indicates that CVS was not exercising control over the premises, and it further evinces that the items left behind were not an integral part of CVS's business. As such, it is clear that CVS had no intention of returning to the subject property regardless of whether or not it kept control of the keys. This Court finds that the abandonment of such items by CVS did not create such an interference with the property as to warrant holdover status.
Finally, Gooding contends CVS possessed the property by maintaining utilities in CVS's name beyond the lease term. The fact that CVS continued to maintain the utilities in its name does not evidence that Gooding was deprived of legal or physical access to its own property. See Wolff v. Manville Forest Products Corp., 486 So.2d 1085, 1093 (La.App.Ct. 1986) (paying utilities and leaving some material behind did not create a holdover status). Similarly, CVS's leaving its name on the utilities and leaving behind items do not here demonstrate that CVS was in possession of the premises. For the above reasons, this Court finds that CVS's actions did not constitute possession beyond the lease term. As a result, CVS was not a holdover tenant and therefore is not liable for back rent. Accordingly, CVS's Motion for judgment on partial findings pursuant to Super. R. Civ. P. Rule 52 is granted and the Appellee's Motion to strike is thus rendered moot.
Counsel shall submit an appropriate order for entry.