STAR BREWING COMPANY *vs.* JAMES F. FLYNN & another.

Suffolk.    November 12, 22, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* To reach and apply property conveyed in fraud of creditors. *Equity Pleading and Practice,* Appeal. *Corporation,* Corporate identity.

Upon an appeal from a final decree in a suit in equity establishing a debt owed to the plaintiff from the principal defendant and ordering that execution issue therefor and that, if the execution be not paid, a special master should be appointed to sell all the interest of the principal defendant in certain shares of capital stock in a certain corporation, also a defendant, "and in and to all the goods, chattels, furniture, stock and fixtures standing in the name of the" corporation, and that the principal defendant and the corporation "make and deliver a written conveyance of said property to the purchaser at" the sale, it appeared that there was no allegation in the bill that the principal defendant had conveyed property to the corporation in fraud of creditors or that the

corporation had received property from him without consideration. At the hearing it appeared that the corporation was organized by the principal defendant at a time when he was heavily involved financially, its capitalization being $5,000 in one hundred shares, of which the principal defendant owned one share, his wife eleven, and two other individuals one each, the principal defendant having paid therefor $100 in cash, the wife over $100 and some furniture, and the two other individuals having rendered services; that the corporation assumed the debts of the principal defendant and afterwards carried on business at a profit. *Held,* that the decree should be modified so that the suit should be dismissed as to the corporation and the decree reversed as to the orders of sale of the personal property standing in the name of the corporation, it not appearing that any fraud was involved in the conveyance to the corporation.

Where an individual debtor organizes a corporation to which he conveys personal property used by him in his business, the corporation assuming his debts, a creditor of his cannot maintain a suit in equity to compel the sale by a special master of the property so conveyed and its conveyance to a purchaser at the sale by the corporation as well as by the debtor, even if it be shown that the debtor owns all the capital stock of the corporation, unless it also be shown that the conveyance to the corporation was in pursuance of a fraudulent purpose, it being the settled law of this Commonwealth that, in the absence of fraud, even ownership by an individual of all the capital stock of a corporation and the absolute control of its affairs do not make it and the individual identical.

BILL IN EQUITY, filed in the Superior Court on October 28, 1919, against James F. Flynn and Hotel Osborne, Incorporated, to establish a debt alleged to be owed to the plaintiff by the defendant Flynn upon two negotiable promissory notes, one for $7,700 and interest and the other for $1,200 and interest, and to apply to the satisfaction of the debt shares of stock standing in the name of Flynn upon the books of the defendant corporation and "so much of the stock of merchandise" transferred by Flynn to that corporation "as is necessary to satisfy the" debt.

Proceedings in the Superior Court are described in the opinion. After hearings and by order of *Wait,* J., a final decree was entered establishing the debt owed to the plaintiff by Flynn at $10,802.93; that execution should issue therefor; that in the event that the defendant Flynn should refuse or neglect to pay that sum to the plaintiff within twenty days from the date of the decree, a special master should be appointed and directed "to sell at public auction to the highest bidder, after proper notice and advertisement of said sale, all the property, right, title and interest, legal or equitable, of the" defendant Flynn "in and to certain shares of stock in the Hotel Osborne, Incorporated, and in and to all the goods, chattels, furniture, stock and fixtures standing in the name of the

Hotel Osborne, Incorporated, and located at the Hotel Osborne, Incorporated, 177 Broadway, Boston, Massachusetts, and upon such sale by said special master, the said defendant James F. Flynn and the defendant Hotel Osborne, Incorporated, are or- dered to make and deliver a written conveyance of said property to the purchaser at said sale." Proceeds of the sale were ordered to be applied by the special master to the payment of the costs and expenses of the sale, and then to the payment to the plaintiff of the sums due him from Flynn, any balance then remaining to be paid or delivered to the defendant Flynn. An execution was ordered to be issued for any balance of the judgment thereafter left unsatisfied.

The defendants appealed from the decree.

*J. W. Connelly*, for the defendants.

*J. J. Donahue*, for the plaintiff.

PIERCE, J. This is a suit in equity commenced by a writ of trustee process, and is here on an appeal from a final decree. The bill seeks to establish a debt as between the plaintiff and the defendant Flynn, and to have applied to the satisfaction of that debt certain indefinite and unenumerated merchandise which the bill charges Flynn transferred to the defendant Hotel Osborne, Incorporated, when that corporation was organized. The bill also seeks to reach and have applied to the indebtedness when estab- lished all shares of stock in the defendant corporation standing in the name of Flynn. The bill nowhere charges that the defendant Flynn has transferred to the defendant corporation any property in fraud of his creditors, or that the defendant corporation has received of the defendant Flynn any property of Flynn without consideration or with knowledge or in aid of any fraudulent pur- pose. The trustee named in the writ answered "no funds," and we assume was discharged. An answer was filed by Flynn setting up the illegality of the consideration of each note. At his request four issues covering his contentions as to the illegality of the con- siderations were framed and submitted to a jury. The jury found each issue against him. The defendant Hotel Osborne, Incor- porated, then answered the bill. The plaintiff filed a replication. A commissioner was appointed to take the evidence. The case was heard by a judge of the Superior Court, who entered a decree in favor of the plaintiff against both defendants, without making

any findings of fact. No rulings of law were requested and a single exception only was taken, that being to the exclusion of evidence.

"The entry of the decree implies a finding of every fact essential to the right entry of that decree permitted by the evidence" and the pleading. "It is for this court to review the evidence and decide the case on its own judgment, both as to facts as well as law. But under the familiar rule, where oral testimony has been heard, the finding of the trial judge as to facts, either expressly made or necessarily implied by his disposition of the case, will not be reversed unless plainly wrong." *Glazier* v. *Everett*, 224 Mass. 184.

From October 12, 1917, until August 22, 1918, the defendant Flynn was proprietor of the Hotel Osborne, and there carried on a liquor business under a license issued by the license commissioner of the city of Boston to him and to his bar tender, McPartland. On August 22, 1918, the business theretofore carried on by Flynn under the name of Hotel Osborne, was incorporated under the name or style of Hotel Osborne, Incorporated. The defendant Hotel Osborne, Incorporated, was organized with a capital of $5,000, divided into one hundred shares of common stock. Fourteen shares of stock were issued of which the defendant Flynn owns one share, John McCarthy owns one, John McPartland owns one, and Josephine Flynn, wife of the defendant, eleven. The defendant Flynn became president and treasurer of the corporation, and so far as the record discloses has continued in these offices. In payment of their stock, Flynn put in $100 in cash; Mrs. Flynn put in over $100 in cash, and some furniture consisting of a few chairs, a table and a stove; McCarthy and McPartland were allotted their stock in payment of services rendered. Four or five months before the corporation was organized Flynn purchased on the instalment plan furniture for the Hotel Osborne, at a cost price of four or five hundred dollars. At the organization of the corporation he had paid on account of this purchase $50. As the proprietor of the Hotel Osborne he owed an attorney about $3,000 for getting his liquor license, and in general accounts he owed seven or eight thousand more. He did not surrender his license; he ceased, with the organization of the corporation, to sell liquor under it but allowed the corporation to do so, and it continued so to do until the passage of the Volstead act. The license had an assignable value of $4,000. The defend-

ant corporation assumed the debts of Flynn, and since its incorporation has paid the attorney's bill. After the organization the corporation made three or four thousand dollars, after paying for remodelling the hotel four or five thousand dollars and after paying the attorney's fee of $3,000.

Upon the foregoing evidence the judge rightly established the indebtedness of Flynn to the plaintiff, found Flynn owned stock in the defendant corporation, and rightly decreed that said stock should be sold and the proceeds applied to the extinguishment of that debt if Flynn should neglect or refuse to pay to the plaintiff the entire sum adjudged due or any part thereof, with the costs of this suit. It should not have been decreed that the defendant Flynn and the defendant Hotel Osborne, Incorporated, should "make and deliver a written conveyance of said property [standing in the name of the corporation] to the purchaser at said sale." The mere fact that Flynn had conveyed all his property to the corporation when organized and owned the entire stock and a controlling interest in the defendant corporation would not make the personal property or other assets of the corporation subject to the payment of his debts, or justify an order that the corporation should join in a conveyance of all the defendant's right, title and interest, legal or equitable, in the personal property standing in the name of the defendant corporation. In the absence of a fraudulent purpose in the organization of a corporation, it is settled law in this Commonwealth that the ownership of all the stock and the absolute control of the affairs of a corporation do not make that corporation and that individual owner identical. Nor do such ownership and control make the property of the corporation subject to the payment of the stockholders' debts. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, and cases cited.

It follows that the decree as to the defendant Flynn must be modified to conform to this opinion; and as to the defendant corporation, be dismissed with costs.

*Decree accordingly.**

---

* The rescript read as follows: "Ordered, That the Clerk of said Court in said County make the following entry under said case in the docket of said Court, viz.:

"The parts of the decree establishing the debt of James F. Flynn to the

---

plaintiff with interest and costs, execution to issue therefor; the part of the decree appointing a special master to sell the interest of Flynn, legal and equitable in and to certain stock of the Hotel Osborne, Incorporated, in the contingency Flynn shall not pay to the plaintiff the aforesaid debt, interest and costs, within twenty days from the date of the decree, are affirmed with the further costs of this court.

"The part of the decree which in the like contingency of refusal or neglect to pay the debt empowers and directs the master to sell in the manner provided the interest, legal and equitable of the said Flynn in the goods, chattels, furniture and fixtures standing in the name of the Hotel Osborne, Incorporated, as also the order that Flynn and the Hotel Osborne, Incorporated, shall make and deliver a written conveyance of said property to the purchaser at said sale are reversed.

"And the decree must be further modified by the dismissal of the bill against the Hotel Osborne, Incorporated, with costs."