VENNERBECK & CLASE CO. *et al vs.* JUERGENS JEWELRY CO:

FEBRUARY 15, 1933.

PRESENT:  Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an appeal by certain creditors of the Juergens Jewelry Company from a decree of the Superior Court amending the schedules of claims filed by the receivers of said company by allowing the claim of Henry F. Juergens in the sum of $37,935.92 instead of in the sum of $1,084.24 as allowed by one of the receivers.

The essential facts upon which Juergens' claim is based are as follows: In 1906 Juergens incorporated his business under the laws of New York and held all the stock except two shares which he later acquired. In 1921 he organized the Juergens Jewelry Company—hereinafter referred to as "the corporation"—under the laws of Rhode Island, and in this also he owned all the stock except two shares which he later acquired. On January 2, 1922, the Rhode Island corporation took over the New York corporation which thereafter ceased to function. So far as appears the New York corporation at the time of the transfer was solvent and possessed assets of over $100,000 in excess of its liabilities including a then existing debt to Juergens which forms part of his present claim. The consideration for the transfer was the assumption of all liabilities and receipt of the capital stock—500 shares of a par value of $50,000—by Juergens, who was president, treasurer and general manager of each corporation successively. Acting in these capacities Juergens drew or credited himself on the corporate books with a salary of $5,000 a year. He also from time to time loaned money to the corporation.

In March, 1930, when the Rhode Island corporation on the petition of Vennerbeck & Clase Co. and other creditors was placed in the hands of receivers, Juergens claimed that the corporation was indebted to him in the sum of $40,929.71, as shown by the bill of particulars supplementary to his proof of claim. After an accountant had testified at the hearing that $3,000 of this debt could not be accounted for, Juergens waived this item and reduced his claim to $37,935.92, the sum allowed to him by the decree from which the present appeal is taken.

In addition to bringing before this court for review certain rulings of the trial justice relating to the admission or exclusion of testimony, the appeal raises four substantial issues, which will be considered in the following order: (1) the sufficiency of the proof of claim; (2) the right of Juergens as an officer and the sole stockholder to present personal claims against the corporation; (3) the sufficiency of the corporate action upon Juergens' salary and loans, and (4) whether the salary was reasonable and the loans actually made.

Regarding the first issue, it appeared in evidence that Juergens' claim was filed with the receivers within the time allowed and—although not itemized—was in the form used in bankruptcy proceedings. In this form it was considered by one of the receivers and by him allowed in part. Its form was first objected to after it was filed in the Superior Court. The creditors then moved to dismiss the claim on the ground that it did not set forth the consideration for the indebtedness. Juergens at once offered to file an itemized account, and the court ruled that such account would be sufficient and denied the motion to dismiss the claim.

In bankruptcy, proof of claim may be amended. In Remington on Bankruptcy, Vol. 2, §888, it is said: "A proof of debt may be amended after the close of the year, for the amendment, like all amendments, reverts to the time of the original filing and takes effect from that time and should

in all respects be considered the same as if it had been already filed then." See also *Re Watertown Paper Co.*, 169 Fed. 252.

The ruling of the trial justice was correct and the proof of claim as itemized was sufficient since the hearing thereon appears to have been full and fair.

The basis of the second contention of the creditors—that Juergens as sole stockholder is precluded from making a claim—is two-fold; first, that the corporate entity should be disregarded and the sole stockholder and corporation regarded as one; and, second, that were the corporate entity not disregarded nevertheless Juergens—as an officer and director of the corporation—cannot recover for services rendered to the corporation, and that as he is the sole stockholder his loans should be held to be additional contributions of capital, not recoverable as a claim.

The law as generally understood treats a corporation as an artificial person distinct and separate from its individual and often changing stockholders. Chancellor Kent in his Commentaries says that a corporation is a franchise possessed by one or more individuals. See 1 Fletcher on Corporations (Perm. Ed.) p. 13. In the same volume, at pp. 51, 52, it is further said: "The general doctrine is well established and obtains both at law and equity that a corporation is a distinct entity to be considered separate and apart from the individuals who compose it, and is not to be affected by the personal rights, obligations and transactions of its stockholders." And at p. 90: "The foregoing rules obtain even though one individual acquires the entire capital stock of a corporation, or all but qualifying shares held by directors. He and the corporation are not one and the same, but are distinct and separate legal entities and must be so treated."

The theory of corporate entity, fundamental as it is, should be disregarded only when the facts of a particular case warrant such disregard. In cases where the corporate entity has been disregarded there has been some element which rendered it unjust and inequitable to consider the corporation attacked a separate entity. In none of these

cases, without such element appearing, has the corporate entity been disregarded. In *U. S.* v. *Milwaukee Refrigerator Transit Co.*, 142 Fed. 247 at 255, it is said: "When the notion of legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons." The decisions rendered in cases dealing with parent and subsidiary corporations, although they are in many ways similar to the instant case, are to be confined in their application to that class of cases alone, being aimed at the evils in the financial structure of subsidiary corporations.

A leading case on the general subject is analogous to the case now before us. In said case, *Salomon* v *Salomon & Co.*, *Ltd.*, 1897 Appeal Cases 22, Lord Halsbury at p. 34 said: "They have been struck by what they have considered the inexpediency of permitting one man to be, in influence and authority, the whole company; and assuming that such a thing could not have been intended by the Legislature, they have sought various grounds upon which they might insert into the Act some prohibition of such a result. . . . The appellant, in my opinion, is not shown to have done or to have intended to do anything dishonest or unworthy, but to have suffered a great misfortune without any fault of his own." Lord Herschell at p. 44 said: "I am unable to see how it can be lawful for three or four or six persons to form a company for the purpose of employing their capital in trading, with the benefit of limited liability, and not for one person to do so, provided, in each case, the requirements of the statute have been complied with and the company has been validly constituted. How does it concern the creditor whether the capital of the company is owned by seven persons in equal shares, with the right to an equal share of the profits, or whether it is almost entirely owned by one person, who practically takes the whole of the profits? The creditor has notice that he is dealing with a company the liability of the members of which is limited . . . ." Comparisons drawn between this case and

the instant case accrue to the benefit of the present claimant, Juergens. See also *Re Watertown Paper Co., supra.*

The Massachusetts rule is set forth in *Star Brewing Co. v. Flynn*, 237 Mass. 213 at 217, as follows: "In the absence of a fraudulent purpose in the organization of a corporation, it is settled law in this Commonwealth that the ownership of all the stock and the absolute control of the affairs of a corporation do not make that corporation and that individual owner identical." See also *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272; *Donaldson* v. *Andresen*, 300 Pa. 312.

The most careful scrutiny of the record in the instant case discloses no evidence of a fraudulent purpose in the organization and operation of the Juergens Jewelry Company. The decision of the court below, that the corporate entity remained intact although stock ownership was finally concentrated in one individual, is in accord with the above authorities and is sustained.

As to loans made to the corporation by Juergens, the creditors, in support of their contention that such loans should be deemed additional contributions of capital (in contravention of the actual intent with which they were made) cite *N. Y. Trust Co.* v. *Island Oil & Transport Corp.*, 56 Fed. (2nd ser.) 580. This case falls within the above mentioned category of parent and subsidiary corporation cases and applies only where the financial structure of a subsidiary corporation is in issue. Loans made in good faith to the corporation by Juergens are entitled to recognition just as much as if made by a stranger. A contrary ruling would be unjust. In *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. at 589, the court said: "Such a doctrine, while it would afford little protection to the corporation against actual fraud or oppression, would deprive it of the aid of those most interested in giving aid judiciously, and best qualified to judge of the necessity of that aid, and of the extent to which it may safely be given." There is no more reason for raising an estoppel against Juergens for lending the corporation an appearance of prosperity by reason of his

loans of ready cash than there would be if the cash were obtained by the corporation from some other source. Such loans, like any other loans in good faith, are recoverable as a claim.

The question of Juergens' right, as manager, to the salary which was regularly credited to him on the corporate books, may be summarily disposed of. He did not owe such duty to the corporation and hence is entitled to compensation for the same. See *Flynn* v. *Columbus Club*, 21 R. I. 534. The second contention of the creditors is found to be without merit.

The third issue raised by the appeal is that lack of formal action by the directors of the corporation in regard to Juergens' salary and loans deprives him of the right to present claims for the same against the receivers.

Formal action by officers of a corporation is generally for the protection of stockholders. If all the stock is held by one person, the rule ceases to be important and no formal corporate action is, as a general rule, necessary. See 2 Fletcher on Corporations, (Perm. ed.) §503. The court below found evidence that the other directors acquiesced in Juergens' action in making the loans and in fixing the amount of his salary, which brings the case within the doctrine expressed in *Baker* v. *Smith*, 41 R. I. at 32.

The issue in the case is Juergens' honesty in conducting the affairs of the corporation. The incidents of its financial affairs—in which alone have creditors an interest—are recorded in the corporation's books of account, and since they are entered therein amid and consecutively with many other identifiable items they can not, except in a completely false set of books, have been inscribed therein at another date, and thus they carry with them a strong assurance of truth and accuracy. Furthermore their regular entry on the books of account of the corporation indicates their approval by the corporation and, under the circumstances of this case, renders unnecessary their formal entry upon the records. We find that failure to take corporate action by

vote upon the records in regard to Juergens' salary and loans does not of itself affect the validity of the claims, and the creditors' contention to that effect is without merit.

The last two issues to be considered are whether Juergens' salary was reasonable and whether his loans were proven to have been made. The court below found that all the loans, with the exception of the $3,000 which Juergens voluntarily withdrew from his claim, were made to the corporation actually and in good faith and were clearly recorded upon its books. The court also found that the salary claim was correct and the amount thereof not unreasonable. We have carefully considered the record in the case and find ample evidence to support such findings. These two grounds of appeal cannot be sustained.

The appeal brings before this court for review certain rulings of the trial justice as to the admission or exclusion of testimony. Those of sufficient importance to require consideration follow: The admission of "Claimant's Exhibit 2," the bill of sale of the New York corporation to the Rhode Island corporation, was proper evidence of the sale and the price paid. As to its possible bearing on value and its tendency to show that the sale was *bona fide*, it appears that the claimant did not introduce it for that purpose, nor was it necessary to prove value in view of the introduction of the Goldwater report. Exclusion of the letter accompanying the Goldwater report was not erroneous as under the hearsay rule this letter was not admissible.

In excluding questions relating to matters prior to 1918 and before a zero balance in Juergen's account with the New York corporation had been reached, the trial justice acted well within his discretion. Such exclusion in no way prejudiced the creditors.

In another ruling the trial justice refused to permit questioning of Juergens as to the by-laws of the New York corporation. Said questioning was merely designed to raise the issue of lack of formality of action on the part of the corporation. As we have held that informality of cor-

porate action is not, under certain circumstances, fatal, exclusion of this line of questioning in no way affected the final determination of the case.

Juergens' testimony as to the fairness of his salary, involved in one of the rulings of the trial justice, was not only proper but essential. Such testimony was of primary importance to determine the good faith and honesty with which Juergens exercised his powers as sole stockholder, director and officer of the corporation. His integrity being attacked and the determination of his claim being dependent upon his good faith, he was entitled to show the fairness of his actions. His interest did not preclude him from testifying; it merely affected the weight to be given to such testimony.

Considering the case as a whole, it appears that the creditors knew they were dealing with a corporation, and in so dealing were aware that its assets were not subject to personal claims against Juergens, and that there were various other advantages to them in having business relations with a corporation. As business men they also knew that the corporation was not entitled to have its business conducted without paying a reasonable salary therefor, and that in the course of its business it might require loans. Whether these loans were made by Juergens or others, the result was the same. Naturally, in considering a corporation owned and conducted by one man, there may well be a feeling—in the event of business failure—that the dealings between the corporation and the owner of all the stock should be subject to close scrutiny. In the instant case it is evident from the rescript of the court below that every element of Juergens' claim was carefully and thoroughly considered.

There is a further check upon the financial affairs of all business corporations and individuals; those requested to extend credit may, as a matter of precaution, obtain financial statements from those requesting such credit. In the instant case it does not appear that such a financial state-

ment was ever asked of Juergens; none was introduced in evidence by the creditors. Apparently they assumed that Juergens was honest, and the finding of the trial court that the books of account accurately reflect the financial status of the corporation indicates that in such assumption they were justified.

We find no errors in the rulings of the trial court, either upon evidence or in allowing the claim of Henry F. Juergens.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Tillinghast & Collins, James A. Tillinghast,* for complainants.

*Ralph M. Greenlaw, Edwin J. Tetlow,* for Henry F. Juergens.