*District Court of Lowell*

No. 1806 of 1953

*Northern District*

No. 4902

**MILTON RICHARDS**

**v.**

**1953 AMERICAN LEGION CONVENTION CORPORATION OF LOWELL**

(January 10, 1956)

*Brooks, J.* This is an action in contract whereby plaintiff sues for $1,721.90 with interest representing professional services rendered defendant. The answer is general denial and payment. The case was tried before (*Eno, J.*)

There was evidence that plaintiff, who was president and treasurer of the Milton Richards Advertising Corporation, solicited and obtained for the Advertising Corporation the job of procuring advertising for the defendant's program book. Payment was to be made on a percentage basis—40% of the gross advertising brought in, to go to the Advertising Corporation, and 60% to defendant. There was evidence that Richards represented that he would bring in at least $16,000 worth of advertising. It amounted in fact to only $7,286.

Two payments of $500 each were made by defendant. The amount now claimed by plaintiff is the balance of the 40% after certain adjustments. Defendant claims that the amount is not due, in view of the great discrepancy between what plaintiff stated

he would bring in and the actual result. Defendant also claims whatever amount is due, is payable to the Advertising Corporation and not to Richards individually.

There was much other evidence in the report, to which it is not necessary to refer now. Two main issues were before the trial court: (1) Had the contract been breached so as to relieve defendant from paying more than it had already paid to plaintiff? (2) Was Richards or the Advertising Corporation the proper party plaintiff?

At the conclusion of the trial, defendant filed Requests for Rulings which, with the disposition thereof, follow:

1. There is evidence that would warrant the Court in finding that the plaintiff cannot recover on his declaration. *Allowed.*

2. There is evidence that would warrant the Court in finding that the plaintiff has breached his contract. *Allowed.*

3. There is evidence that the plaintiff has not fulfilled all the terms of the contract. *Allowed.*

4. There is no evidence that the plaintiff has fulfilled all the terms and conditions of the contract. *Disallowed.*

5. That if any contract was made between the plaintiff and the defendant, there was evidence that the contract was one in which the plaintiff agreed to procure a minimum of Sixteen Thousand Dollars ($16,000.00) worth of advertising. *Allowed.*

6. There is evidence which would warrant the Court in finding that the plaintiff has failed to procure a minimum of Sixteen Thousand Dollars ($16,000.00) worth of advertising. *Allowed.*

7. There is evidence that the plaintiff breached his contract by failing to turn over all monies under the contract. *Disallowed.*

8. There is evidence that as a result of the plaintiff's breach of contract the defendant has sustained serious loss, and therefore, the plaintiff is not entitled to re-

cover for fair value of services rendered. *Disallowed.*

9. There is evidence that the plaintiff has been paid for services that he has rendered. *Allowed.*

10. There is evidence that if any contract was made it was made between the Milton Richards Advertising Corp. and not with the plaintiff, Milton Richards. *Allowed.*

11. There is evidence that the plaintiff has committed a willful breach of contract and, therefore, is not entitled to recover in this action. *Disallowed.*

12. There is evidence that the plaintiff has not complied with the terms and conditions of this contract and he has himself breached the contract and is, therefore, not entitled to recover. *Disallowed.*

13. Upon all the law and evidence the plaintiff is not entitled to recover for the reasons that:—

   a. The plaintiff has failed to sustain the burden of proof that he complied with the conditions and terms of the contract.

   b. The plaintiff has failed to sustain the burden of proof as to the fair value of the services rendered.

   c. That the plaintiff is not entitled to recover on quantum meruit because he has already been paid for the fair value of his services. *Disallowed.*

The trial court found with respect to the breach of contract that defendant was not relieved from liability. In finding for Milton Richards, the court inferentially found that he was the proper party plaintiff.

With respect to the first issue, there was evidence to support the court's finding that defendant was obligated for further payment under the contract. This finding of fact is not to be disturbed. *Cohen v. Santoianni,* 330 Mass. 187, 190, 191. *Fulton v. Belmont,* 1955 A.S. 679, 680.

With regard to the second issue, it is plain from the evidence that the contract was solicited on behalf of the Milton Richards Advertising Corporation and that it was awarded to the Corporation and not to Milton Richards individually. His testimony that he was the Corporation, presumably meaning that he was the dominant stockholder, does not entitle him to sue. *Leventhal v. Atlantic Finance Corp.*, 316 Mass. 194, 198. The court there said: "The fact that all the capital stock of a corporation is owned by one or two persons who thereby secure the power to elect officers to determine the policy to be followed or to put an end to the corporation does not destroy the existence of the corporation. It still continues as a legal entity distinct from the stockholders . . . The legal title to its property remains in the corporation while the beneficial interest is in the stockholders and the right to recover damages for impairment to the corporate assets belongs to the corporation and not to the stockholders. *Hirshberg v. Appel*, 266 Mass. 98; *Comerford v. Meier*, 302 Mass. 398; *Shaw v. Harding*, 306 Mass. 441." See also *Star Brewing Co. v. Flynn*, 237 Mass. 213; *Hallett v. Moore*, 282 Mass. 380, 399; *Berry v. Old South Engraving Co.*, 283 Mass. 441, 451.

Defendant was justifiably aggrieved in the court's assumption that Milton Richards was the proper party plaintiff. It is still open to the Milton Richards Advertising Corporation to recover the balance due on the contract. Under the circumstances the corporation would be estopped to claim, in addition to that amount, the $1,000 already paid to Richards individually.

*Finding vacated, judgment entered for defendant.*

Edward F. Novick, for the defendant.

Harvey Beit, for the plaintiff.