**In re ESTATE OF Maurice A. GERVAIS.**

**No. 2000–64–APPEAL.**

Supreme Court of Rhode Island.

May 14, 2001.

---

Paul A. Baillargeon, North Smithfield, Richard H. Gregory, III, Providence, for Plaintiff.

Richard R. Ackerman, Woonsocket, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes before this Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Jeanette Gervais (Jeanette) appeals from a Superior Court judgment reversing an order issued by the Probate Court of the City of Woonsocket (the Probate Court). After hearing counsels' arguments and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and we will decide this appeal summarily.

In 1998, Maurice A. Gervais (the decedent) died and his will was duly filed for probate in the Woonsocket Probate Court. His daughter, Jeanette, was named executrix to the will. In accordance with G.L. 1956 § 33–25–4, Lillian Gervais (Lillian), the decedent's widow, elected to waive and renounce the bequests made to her in the decedent's will; instead, pursuant to § 33–25–4, she claimed her right to a life estate interest in the decedent's real estate, namely, the marital domicile (the property).[1] Once her claim was granted, Lillian vacated the property and entered into a written lease with a third party for a period of two years, terminable immediately upon her death or by court order.

Meanwhile, Jeanette filed a motion in the Probate Court to "Enjoin and Restrain Widow from Leasing Premises." In support of her motion, Jeanette asserted that Lillian had "abandoned" the premises when she vacated it and that she had failed to pay her proportionate share of the real estate taxes assessed against the property. On April 5, 1999, the Probate Court granted Jeanette's motion and ordered that "[t]he interest of Lillian Gervais in the real estate * * * shall be valued and paid over to her in lieu of her interest in said property."[2] Lillian timely appealed to the Superior Court for a *de novo* review.

On appeal, a justice of the Superior Court, sitting without a jury, reversed the decision of the Probate Court. The trial justice determined that the common law rule permitting the holder of a life estate to rent his or her property is applicable because Lillian's statutory right to elect a life estate in the decedent's real estate was not conditioned upon her continued occupancy of the property. The trial justice then found that the Probate Court exceeded its statutory authority when it involun-

---

1. Lillian did not possess any ownership interest in the marital domicile at the time of the decedent's death.

2. The record indicates a motion to terminate the life estate was filed. However, according to the Probate Court order, the probate judge heard and ruled upon only "the Motion to Enjoin and Restrain Widow from Leasing Premises filed by the Executrix * * *, and the Motion to Remove Personal Property or Ray [sic] Rent and Motion regarding insurance reimbursement filed by Lillian Gervais[.]"

tarily terminated Lillian's life estate and ordered its value to be paid to her. Jeanette now appeals that Superior Court order.

In her appeal, Jeanette contends that "[h]istorically, a widow's right of election was provided to afford the surviving spouse a place to live after the passing of their spouse," and that the "statutory life estate was intended to and did replace rights of dower and curtesy as they existed on the effective date of this statute." She offers no decided authority that supports her position; instead, she simply observes that the Legislature did not specifically confer upon a surviving spouse the right to vacate and rent a premises in which he or she claimed a life estate. From this observation, she asserts that Lillian abandoned her life estate interest in the property when she vacated and attempted to rent it to a third party. Such an interpretation, we believe, would produce an absurd result.

"Statutory interpretations by a trial justice present questions of law that this Court reviews *de novo*." *Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 290 (R.I.1999). "In construing statutes, this Court 'adhere[s] to the basic proposition of establishing and effectuating the intent of the Legislature[, * * * which] is accomplished from an examination of the language, nature, and object of the statute.'" *State v. Pelz*, 765 A.2d 824, 829–30 (R.I. 2001) (quoting *Howard Union of Teachers v. State*, 478 A.2d 563, 565 (R.I.1984)). "If the language of a statute is clear on its face, then its plain meaning must generally be given effect." *Skaling*, 742 A.2d at 290 (citing *Gilbane Co. v. Poulas*, 576 A.2d 1195, 1196 (R.I.1990)). However, "[i]t is a well-known maxim of statutory interpretation that this Court 'will not construe a statute to reach an absurd [or unintended] result.'" *Hargreaves v. Jack*, 750 A.2d 430, 435 (R.I.2000) (quoting *Kaya v. Partington*, 681 A.2d 256, 261 (R.I.1996)).

In 1978 the Legislature abolished the common law and/or statutory rights to dower and curtesy. *See* § 33–25–1. In their place, the Legislature provided that:

"Whenever any person shall die leaving a husband or wife surviving, the real estate owned by the decedent in fee simple at his or her death shall descend and pass to the husband or wife for his or her natural life subject, however, to any encumbrances existing at death * * *." Section 33–25–2.

Accordingly, § 33–25–2 vests a life estate in "a surviving spouse in the real property owned in fee simple by his or her spouse at the time of his or her death * * *." *Pezza v. Pezza*, 690 A.2d 345, 349 (R.I.1997). In § 33–25–4, the Legislature also provided:

"If any estate, real or personal, be devised or bequeathed to a surviving spouse, the devise or bequest shall bar the life estate unless the surviving spouse shall, within six (6) months after the date of the first publication of the qualifications of the fiduciary of the estate of the deceased spouse, file in the probate court granting probate a written statement waiving and renouncing the devise and bequest and claiming his or her life estate in the *real estate of the decedent.* If any of this *real estate* be located in any city or town other than that in which the will of the decedent is probated, the waiver and claim shall also be filed in the records of deeds in each city and town where the *real estate* is located." (Emphases added.)

Although § 33–25–4 does not specifically confer upon a surviving spouse the right to vacate and/or rent his or her real estate, a plain reading of the statute requires the conclusion that such a right exists.

To begin with, although chapter 25 of title 33 abolishes the common law rights of dower and curtesy, nowhere in that statutory scheme does the Legislature ever suggest that it has abolished the common law rights long associated with life estates.[3] Additionally, § 33–25–4 serves to grant a surviving spouse the right to waive any devise or bequest made to him or her by the decedent and to claim a life estate in all of the real estate owned in fee simple by the decedent. Real property or real estate is defined as "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land." Black's Law Dictionary 1271, 1234 (7th ed.1999). Our Legislature also has defined the term real estate. *See, e.g.,* G.L.1956 § 5–20.5–1(3) ("includes leaseholds as well as any and every interest or estate in land"); G.L. 1956 § 33–5–1(2) ("lands, tenements, and hereditaments, whether freehold or of any other tenure, and whether corporeal or incorporeal"); and G.L.1956 § 34–36.1–1.03(24) ("any leasehold or other estate or interest in, over, or under land"). Thus, the term "real estate" embraces every type and amount of real property.

▆ Accordingly, it is clear that when the Legislature provided to vest in a surviving spouse a life estate in "the real estate of the decedent" owned in fee simple by him or her, it did not limit that life estate only to the decedent's marital domicile or residence; rather, the surviving spouse is entitled to a life estate in all the decedent's real estate owned in fee simple, residential and nonresidential alike. Consequently, it would be absurd to read into § 33–25–4 a requirement that the surviving spouse simultaneously must reside on

all the decedent's property to preserve his or her life estate interest. Because a residency requirement would be an absurd result, we conclude that a surviving spouse does not abandon his or her life estate in the decedent's real estate simply by vacating the property.

▆ Likewise, a surviving spouse does not abandon his or her life estate simply by leasing the property to a third party. Under the common law, "[t]he holder of a life estate, i.e., a life tenant, is entitled to both the possession and the use of the property to the exclusion of the remainderman." *In re Felker,* 211 B.R. 165, 168 (Bankr.M.D.Pa.1997), *aff'd,* 168 F.3d 478 (3d Cir.1998). "This would include the right of the life tenant to the rents, issues, and profits generated by the parcel during the tenant's life." *Id. See also Binney v. Rhode Island Hospital Trust Co.,* 43 R.I. 222, 110 A. 615 (1920) (assuming, without deciding, that a life tenant possesses the right to enter into a contractual relationship with a third party for purposes of renting the property).

Because the Legislature did not abolish the commonly acknowledged rights of a life tenant when it enacted chapter 25 of title 33, Lillian did not "abandon" her life estate in the former marital domicile when she attempted to lease the property to a third party. Indeed, considering that as the decedent's surviving spouse, Lillian had the right to claim a life estate in all the decedent's real estate owned by him in fee simple, including any rental properties that he might have owned, it would be absurd then to prohibit her from leasing to, and collecting rents from, third parties who might occupy those same properties.

---

**3.** Although dower has been abolished in Rhode Island, as well as in many other jurisdictions, the "statutory substitutes for dower are treated as of the nature of dower and are subject to the incidents of the common-law estate, except insofar as the statute expressly alters those incidents." 25 Am.Jur.2d *Dower and Curtesy* § 4 (1996).

**882**

Finally, in the present case, the probate judge appears to have *sua sponte* ordered a valuation of Lillian's life estate interest in the property and payment to her of the value of that interest without any petition or request by her in the first instance to determine the present value of her life estate interest in the property pursuant to § 33–25–5.[4] In his decision, the Superior Court trial justice correctly noted and found that because the property had been neither sold nor taken, and because Lillian had not petitioned the court for the payment to her of the value of her life estate in lieu thereof, the Probate Court exceeded its procedural and substantive jurisdiction by issuing the order purporting to adjudicate those interests. The Probate Court erred in doing so.

Accordingly, and for the foregoing reasons, we affirm the decision of the Superior Court justice, and the final judgment entered thereon is affirmed. Jeanette's appeal is denied and dismissed and the papers in this case are remanded to the Superior Court.

---

4.  General Laws 1956 § 33–25–5 provides:
    "In any case where real estate shall be ordered sold by any court, except where otherwise specifically provided, or real estate is taken under authority of law, and it shall appear that a surviving husband or wife is or may be entitled under this chapter to a life estate in the property, the court having jurisdiction of the proceedings may, in its discretion, upon the petition of the surviving husband or wife as the case may be, and after notice, determine the present value of the life estate and order it to be paid to him or her in lieu of the life estate out of the proceeds of the sale or taking."