DECISION
Both the appellees and appellant in this matter request that a portion of the probate appeal now before this Court be decided as a matter of law pursuant to R.I.G.L. § 33-23-10(c). This section states that "if the probate appeal can be decided as a matter of law" then any party may request a decision on the grounds submitted. This cross motion for partial summary judgment derives from a narrow issue heard and decided in favor of the appellees by Judge John E. Martinelli in the Providence Probate Court on February 26, 2002. The appellees seek to have that decision affirmed while the appellant requests that the decision be reversed.
 FACTS AND TRAVEL
Phyllis Giacobbi died on July 17, 1998. Her surviving children are appellant George A. Giacobbi and appellees Stephen G. Giacobbi and Susan F. Cardosi. The decedent's will dated April 14, 1998, was admitted to probate and Susan and Stephen were duly appointed executors thereof. At the time of the decedent's death, she owned all of the voting stock and a portion of the common stock of Antonio Manna Realty, Inc., a closely held Rhode Island business corporation. The appellant contested the decedent's will when it was filed in Providence Probate Court in 1999. During the pendancy of the Probate Court proceedings, appellant requested, amongst other things, that the Probate Court take control of Antonio Manna Realty, Inc., arguing that the Court had the authority to do so under G.L § 33-9-7. The statute in issue is as follows:
 "33-9-7. Continuation of decedent's business.
— Executors and Administrators may be authorized by the probate court before which the estate is in settlement to work up and complete any stock and materials in an unfinished state, or to continue any business of the decedent so far as may be expedient for the prudent winding up of the business, if the court shall find that it will be for the interest of the estate." (Emphasis added.)
The Probate Court ruled that it did not have jurisdiction over this matter in that the decedent's interest in the corporation did not constitute "any business of the decedent" within the meaning of G.L. § 33-9-7. The appellant argues that in so finding, the Probate Court erred as a matter of law. The reason of this particular aspect of plaintiff, George Giacobbi's, overall appeal turns on a pure question of law that is dispositive of this particular issue raised. The narrow issue to be decided on appellees' and appellant's partial summary judgment motions is whether the lower court correctly determined that G.L. §33-9-7 does not give the probate court jurisdiction over the operation of a corporation. Summary judgment is appropriate when a review of the evidence reveals that no genuine disputed issue of material fact exists and that the moving party is entitled to judgment as a matter of law on the merits of the controversy. Rhode Island Depositors EconomicProtection Corp. v. Rignanese, 714 A.2d 1190, 1193 (R.I. 1998); SuperiorBoiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 632 (R.I. 1998).
 DISCUSSION
This Court holds that the court below correctly determined that the statute in question does not give probate court jurisdiction over the operation of a corporation, simply because some or all of a corporation's stock is in the name of an individual at the time of that person's death. The issue in this case requires the Court to construe the language of G.L. § 33-9-7. Under settled principles of statutory interpretation, when a statute is clear and unambiguous, the Court must interpret the statute literally and give the words of the statute their plain and ordinary meaning. Sindelar v. Leguia, 750 A.2d 967 (R.I. 2000). Moreover, it is also a well-settled principle that when words are undefined in a statute, a court must give meaning to such terms in accordance with their ordinary or natural meaning in the context in which they arise. Labor Ready Northeast, Inc. v. Marilyn Shannon McConaghy,
C.A. No. 02-2666, October 30, 2002, Silverstein, J. Contrary to appellees' argument that stock in this provision included corporate stock, when looking at the context of the statute in which the word "stock" appears, it is clear that the legislature was not referring to corporate "stock" when it made reference to "work up and complete any stock and material in an unfinished state. . .", but was most likely referring to shelf or inventory "stock" or, as defined by The Random House Dictionary 1873 (2d. ed. 1987), shelf or inventory supplies or goods kept on hand for sale as by a shop or company. Indeed, how does one "work up" or "complete" a stock certificate which is a legal instrument representing an individual's percentage of financial ownership in a business? To interpret this statute as appellant argues, would lead to an impermissibly absurd result. In re Estate of Maurice A. Gervais,770 A.2d 877, 880 (R.I. 2001); Hargreaves v. Jack, 750 A.2d 430, 435 (R.I. 2000).[1]
Moreover, nothing in G.L. § 33-9-7 including the specific wording, "to continue any business of the decedent so far as may be expedient for the prudent winding up of the business" suggests a legislative intent to have probate courts looking into the affairs of corporate entities whenever a shareholder, owning any of its stock, dies. As the court below determined, a corporation is a separate entity under law. Though a decedent may own some or all of a corporation's stock, the corporation itself is deemed to be "owned" by all of its shareholders in concert and not simply the majority shareholders. In this scheme, state, and in certain instances, federal regulatory laws and regulations, not unfettered individual thinking, controls the structure and parameter of proper corporate management. Though not precisely on point, the cases cited by appellees are supportive of the lower court's conclusion. "Because a corporation is an . . . `artificial creature' of the law, Cookv. American Tubing Webbing Co., 28 R.I. 41, 49, 65 A. 641, 644 (1905), it constitutes `an artificial person distinct and separate from its individual and often changing stockholders.' Vennerback ClaseCo. v. Juergens Jewelry Co., 53 R.I. 135, 138, 164 A. 509, 510 (1933)."Doe v. Gelineau 732 A.2d 43, 44 (R.I. 1999). Moreover, this Court would note that the appellant cites no case authority either local or from other states to support his assertion of probate court jurisdiction over corporate matters based upon a decedent's ownership of shares. This Court agrees with the lower court that the statute in question was meant to apply to sole proprietorships not corporations.[2] A corporation's stock may form all or part of the body of a probate estate, but the management and operation of the corporate business is governed by the corporation's legally adopted by-laws or, in the absence of specific or applicable bylaws, by the mandates of Title 7 of the Rhode Island General Laws entitled Corporations, Associations, and Partnerships. The parties stipulate that the appellant, George Giacobbi, owns some of the non-voting stock in Antonio Manna Realty, Inc. As such, G.L. § 7-1.1-90(a)(1)(ii) gives appellant the right to petition the Rhode Island Superior Court for dissolution or liquidation of the assets and business of Antonio Manna Realty, Inc. based upon allegations that the appellants have acted ultra viresly in seizing control of the day-to-day operation of this business and are in illegal control of the corporation.[3]
Were appellant's allegations to prevail in such a petition, the Superior Court could dissolve the corporation as requested or appoint a receiver to preserve the corporation and to do what would be necessary as justice and equity required. In the absence of a clear legislative directive broadening the powers of probate courts to regulate corporate disputes, this Court rejects the appellant's argument that G.L. §33-9-7 or any other general provision of Title 33 relative to the Probate Practice and Procedures confers jurisdiction on probate courts comparable to that of the Superior Court, to regulate corporate management. Rather, in an estate proceeding, what a probate court is legislatively called upon to determine is the testate succession of a decedent's ownership interest in a corporate share.
Accordingly, since this Court agrees with the Probate Court's determination that G.L. § 33-9-7 does not confer jurisdiction on that court to intrude upon the management of the corporation which was partially owned by the decedent, Phyllis Giacobbi, at the time of her death, this Court likewise concurs with the Probate Court that the appellees, in their co-executive capacity, were not required to appear before that court to get permission to continue the operation of the corporation.[4]
 CONCLUSION
A close reading of the statute shows that G.L. § 33-9-7 does not give the probate courts jurisdiction over the affairs of corporations based on corporate stock held in a decedent's name at the time of that person's death. Phyllis Giacobbi's share of the company's stock is not the sort of "stock" referred to in the statute which requires court authority to continue the business. The lower court correctly decided that G.L. § 33-9-7 is not applicable to a corporation. In accordance with the decision of this Court, appellees' motion for partial summary judgment is granted and the appellant's cross motion for same is denied.
Appellees are directed to prepare an order in accordance with this Court's decision.
[1] It makes no more sense than to suggest that "stock" in that context references a former instrument of punishment consisting of a frame with holes for securing the ankles and wrists.
[2] The Probate Court also opined that this provision applied to partnerships. However, this court would note that G.L. §§ 7-12-2 and7-12-3 give probate estate executors and administrators specific statutory authority for insuring estate accountability in the instance of written partnership agreements.
[3] General Law § 7-1.1-90 entitled Jurisdiction of court to liquidate assets and business of corporation. — states:
 "(a) The superior court has full power to liquidate the assets and business of a corporation:
 (1) In an action by a shareholder when it is established that, whether or not the corporate business has been or could be operated at a profit, dissolution would be beneficial to the shareholders because:
 (i) The directors or those other persons that may be responsible for management pursuant to § 7-1.151(a) are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock; or
 (ii) The acts of the directors or those in control of the corporation are illegal, oppressive, or fraudulent; or . . .
 (iv) The corporate assets are being misapplied or are in danger of being wasted or lost; or . . . ."
General Laws § 7-1.1-97.1 entitled Jurisdiction of court to appoint a receiver. — states:
 "Upon the establishment of any of the grounds for liquidation of the assets and business of (1) a domestic corporation . . . stated in § 7-1.1-90, and upon the establishment that the liquidation would not be appropriate, the superior court has full power to appoint a receiver, with any powers and duties that the court, from time to time, directs, and to take any other proceedings that the court deems advisable under the circumstances. The provisions of §§ 7-1.1-90 — 7-1.1-97, insofar as they are consistent with the nature of the proceeding, apply to the proceeding, and in the proceeding the court has the full powers of a court of equity to make or enter any orders, injunctions, and decrees and grant any other relief in the proceeding that justice and equity require."
[4] In so ruling, this Court expresses no opinion on whether appellant's allegations of unlawful behavior by appellees would, if true, support his request that they be removed as co-executors. Said issue is not a part of either dispositive motion before the Court.