The plaintiff landlord brought this action in two counts against the defendant tenant. In the first count the plaintiff claims the unpaid rent for the month of October, 1972, on the ground that the defendant did not vacate the premises until about the middle of the month. In the second count he claims damages for waste. The trial court rendered judgment for the plaintiff in the *Page 562 
sum of $154.50, presumably on the second count, and the plaintiff landlord has appealed. Although the refusal of the court to correct the finding to allow the plaintiff to recover a greater amount of damages for waste on the second count has been assigned as error, that assignment has not been pursued in the plaintiff's brief and we, accordingly, treat it as abandoned. Maltbie, Conn. App. Proc. 327.
The issue before us is whether the trial court properly concluded that the plaintiff did not prove that the defendant continued to hold possession of the leased premises beyond the end of September, 1972. It is well established that a tenant occupying premises under a month-to-month lease would become liable for an additional month's rent by holding over beyond the end of any month. Byxbee v. Blake, 74 Conn. 607, 610; Bacon v. Brown, 9 Conn. 334, 338; 49 Am.Jur.2d, Landlord and Tenant, 1116; 51C C.J.S., Landlord and Tenant, 74.
The trial court found that the plaintiff rented certain premises on Golden Hill Street in Bridgeport to the defendant on a month-to-month basis for a period of at least eight months before October, 1972. The defendant paid the monthly rental of $1250 as agreed for each month, including September, 1972. On August 4, 1972, the defendant gave the plaintiff written notice of its intention to vacate the premises effective October 1, 1972. Those findings have not been attacked by the plaintiff.
The trial court also found that the defendant vacated the premises in September, 1972, but that on October 3, 1972, the defendant notified the plaintiff by letter that a certain duplicating machine would be removed "in a matter of days." While the finding does not state explicitly that the machine was not removed from the premises until after October 3, 1972, as claimed in the plaintiff's motion to correct, that fact was admitted at the trial and the finding *Page 563 
should be corrected accordingly. The other corrections sought by the plaintiff, pertaining to activities of agents of the defendant upon the premises after October 3, 1972, and to the date of returning the keys, must be refused because there was contradictory evidence on those matters.
"Leaving property on the premises may, but does not always, constitute a holding over, and whether the leaving of property or a part of it on the premises by the tenant does or does not constitute a holding over is usually a question of fact to be determined in the light of all the surrounding circumstances." 51C C.J.S. 223, Landlord and Tenant, 75. The letter of the defendant dated October 3, 1972, was written in response to the receipt of a bill from the plaintiff for the October rent. That letter referred to a telephone conversation with the plaintiff in which it had been explained that the duplicating machine remaining in the building had to be removed by the leasing company, which had stated that it would do so within two days. There is no indication in the record of the size of the machine or of the area of the leased premises from which a determination could be made of the extent to which the presence of the machine would interfere with the plaintiff's use or possession of the premises. The plaintiff, of course, had the burden of proving the facts necessary to constitute a holding over. We conclude that the trial court was not bound to find that this burden had been sustained merely because the machine remained on the premises for a few days after expiration of the previous monthly term.
In Byxbee v. Blake, supra, upon which the plaintiff relies, the trial court concluded that there was a holding over. The tenant moved all of his merchandise out of the store before the expiration of the term, but he retained the keys and remained in possession *Page 564 
for several days afterward to clean out the rubbish and remove some trade fixtures. "The situation was not one where the tenant had simply failed to remove a few articles. It was one where there continued to be upon the premises the actual bodily presence of an occupant who was not in through or under the . . . [landlord]." Id., 612. In the present case witnesses for the defendant testified that, except for the machine, the premises had been completely vacated before the end of September and that the plaintiff had access to the building, whether or not the keys may have been surrendered at some later time. These circumstances are clearly distinguishable from Byxbee v. Blake, supra.
 There is no error.
In this opinion PARSKEY and SPONZO, Js., concurred.