## B & R REALTY

v.

## Albert C. ROMANO.

No. 93–632–Appeal.

Supreme Court of Rhode Island.

Nov. 10, 1994.

Anthony DeLuca, Providence.

Richard Kyte, North Smithfield.

## ORDER

This case came before the Supreme Court for oral argument on October 31, 1994, pursuant to an order that directed both parties to show cause why the appeal of B & R Realty (plaintiff) should not be summarily denied and dismissed. The plaintiff has appealed a Superior Court judgment in favor of the defendant, Albert C. Romano.

After reviewing the memoranda submitted by the parties and after hearing the argu-

ments of counsel, this court concludes that cause has not been shown, and the appeal will be summarily denied and dismissed.

The plaintiff leased commercial property to a business entity that subsequently assigned its interest in the lease. The defendant alleges that a corporation, ACR Printing, Inc., in which he owns 50 percent of the stock, is the actual party in interest, and he alleges further that he signed the lease as a corporate officer and therefore is not personally liable under the lease assignment. The corporation has been in receivership since September 1991.

The District Court found the defendant personally liable, but on the defendant's appeal, the Superior Court reversed the judgment and found that the defendant signed the lease in his capacity as president of the corporation, and was thus not personally bound. The defendant, however, did not file an appeal bond upon his appeal to Superior Court nor did he pay rent during the pendency of the appeal. The plaintiff argued on appeal that because the defendant failed to post bond in accordance with the provisions of G.L.1956 (1985 Reenactment) § 9–12–12, as amended by P.L.1988, ch. 494, § 2, the trial justice should have granted the plaintiff's motion to dismiss the appeal in the Superior Court. Section 9–12–12 provides that "[e]very defendant in an action for the possession of commercial * * * tenements let * * * claiming an appeal, shall * * * give bond to the plaintiff." Because the defendant failed to file the bond and pay rent during the appeal, the trial justice correctly ruled in favor of the plaintiff by granting judgment for plaintiff in respect to possession of the premises. In addition, we sustain the trial justice's determination that the defendant signed the lease as a corporate officer, inasmuch as sufficient evidence was presented to support such a finding.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court.