**Joseph BAZAR, et al.**

v.

**PENNSYLVANIA GENERAL INSURANCE CO. OF AMERICA d/b/a General Accident Insurance.**

**No. 94–361–Appeal.**

Supreme Court of Rhode Island.

April 20, 1995.

Lauren Jones, Providence, David Bazar, East Providence.

Patricia Buckley, C. Russell Bengtson, Providence.

### ORDER

This case came before a hearing panel of this court for oral argument on April 18, 1995, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and the issues will be summarily decided at this time.

In *DePalma v. Metropolitan Property and Liability Ins. Co.,* 615 A.2d 1019 (R.I.1992), this court held that in circumstances wherein an insured paid a single premium to insure two vehicles, stacking of coverage was not permitted. In the case at bar, the plaintiffs appeal from a summary judgment granted by a justice of the Superior Court in favor of the defendant Pennsylvania General Insurance Co. (Pennsylvania General). The trial justice held that a policy wherein a single premium was paid for insuring three family vehicles in the sum of $86 would not authorize stacking of uninsured motorist coverage. The policy by its terms provided uninsured motorist coverage in the amount of $300,000 per vehicle. Plaintiffs sought a declaration to the effect that they would be entitled to uninsured motorist coverage up to an aggregate sum of $900,000 arising out of the wrongful death of Dayna Bazar.

The statute in question here as it was in *DePalma* is G.L.1956 (1994 Reenactment) § 27–7–2.1(i):

> "Whenever an insured has paid two (2) or more separate premiums for uninsured motorists' coverage in a single policy of insurance or under several policies with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, regardless of any language in the policy to the contrary."

Applying the statutory language in accordance with its clear and unambiguous meaning, this court concludes that stacking of uninsured motorist coverage is not allowable and that the maximum amount of uninsured coverage for any one accident is $300,000.

Consequently, the plaintiffs' appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.

SHEA, J., did not participate.