Nancy CARDOSO

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY.

No. 94–354–Appeal.

Supreme Court of Rhode Island.

June 20, 1995.

Patricia Watson and Richard Abrams, Abrams & Verri, Providence, for plaintiff.

John G. Rallis, Boyer, Reynolds & DeMarco, Providence, for defendant.

OPINION

SHEA, Justice.

This matter came before the Supreme Court on a certified question from the Superior Court pursuant to G.L.1956 (1985 Reenactment) § 9–24–25 on an agreed statement of facts regarding intra-policy stacking of uninsured-motorist coverage. On April 13, 1993, the plaintiff, Nancy Cardoso (Cardoso), filed a complaint in Providence County Superior Court against the defendant, Nationwide Mutual Insurance Company (Nationwide). Cardoso alleged that she had been seriously injured in a collision with an underinsured motorist. She sought a declaratory judgment that her insurance policy with the defendant would afford her $100,000 in underinsured-motorist coverage. On February 24, 1994, the parties moved jointly for certification of a question regarding the extent of the policy's coverage. The question reads as follows:

"Whether Plaintiff, who has paid an additional premium to insure two vehicles, as opposed to the premium charged for one vehicle, may stack her UMBI [underinsured-motorist bodily-injury] coverage."

For the following reasons, we answer the certified question in the negative.

The plaintiff was injured on April 9, 1991, when she was struck by a vehicle operated by Raymond Jarest while she was walking across Mendon Road in Cumberland, Rhode Island. The plaintiff sustained serious and permanent bodily injuries requiring medical care costing in excess of $100,000. Raymond Jarest's vehicle was insured at the time with liability-coverage limits of $25,000. His insurance company settled with plaintiff for the full amount of that coverage. The plaintiff herself was insured under a policy issued by Nationwide to her parents, Pedro and Janet Cardoso (the Cardosos). That single automobile-insurance policy covered two vehicles the Cardosos owned. The policy provided for uninsured or underinsured-motorist bodily-injury coverage in the amount of $50,000 per person.

The Cardosos paid a single premium for underinsured-motorist bodily-injury coverage (UMBI). Under this single policy, the Cardosos had two vehicles listed as insured vehicles. The declaration page of the policy lists the two vehicles with coverages and premiums recited for both, to include comprehensive property damage, bodily injury, and medical payments with separate premium costs for each vehicle. However, under uninsured motorists coverage, there is a single premium listed covering both vehicles in the amount of $97. The UMBI coverage for that

premium was $50,000 per person and $100,-000 per occurrence.

Nationwide offered the per-person limit of $50,000 in full settlement of all underinsured-motorist claims. The plaintiff has rejected this offer and demands $100,000 from Nationwide, asserting that intra-policy stacking is available to her under the automobile policy her parents have with defendant. The plaintiff specifically seeks to stack the two-vehicle coverage to obtain up to a total of $100,000.

The plaintiff argues that although the policy lists only one UMBI premium, the amount of the premium is based on the number of vehicles insured on the policy. She contends that had her parents only wanted UMBI coverage on one vehicle, they would have been charged only $43.10, this figure representing the semiannual premium for UMBI coverage for one vehicle as opposed to the $97 premium for more than one vehicle. By not allowing plaintiff to stack coverage, plaintiff contends, defendant is violating the intent of G.L.1956 (1989 Reenactment) § 27-7-2.1(c), as amended by P.L.1990, ch. 340, § 1. In addition plaintiff argues that because of the higher premium charged for more than one vehicle, an insured may reasonably expect to have coverage up to the aggregate sum of the vehicles being insured. Lastly, plaintiff contends that the mere form of the premium should not be allowed to defeat the intent of the statute, which she asserts is to protect individuals, such as herself, against economic losses caused by uninsured negligent motorists.

The defendant contends that § 27-7-2.1(c) is clear in its language and provides for stacking only when an insured has paid two or more separate premiums for uninsured or underinsured coverage. The defendant's position correctly interprets our stacking statute. The defendant relies on *DePalma v. Metropolitan Property and Liability Insurance Co.*, 615 A.2d 1019 (R.I.1992), where this court held that an insured could not stack coverage because he had paid only one uninsured-motorist premium for multiple vehicles. The defendant also disputes plaintiff's "reasonable expectations" arguments and points out to the court that the Cardosos

had no knowledge of defendant's underwriting calculations when they purchased the policy. Therefore, they contend, it stands to reason that they could not have known that they were paying a higher premium for uninsured-motorist coverage for two vehicles than they would have been paying on one vehicle.

The plaintiff's interpretation of § 27-7-2.1(c) is erroneous. The statute at issue is now found at G.L.1956 (1994 Reenactment) § 27-7-2.1(i). The redesignation of subsection (c) as subsection (i) in the 1994 Reenactment does not change the statutory language. The statutory language of § 27-7-2.1(i) provides:

"Whenever an insured has paid two (2) or more separate premiums for uninsured motorists' coverage in a single policy of insurance or under several policies with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, regardless of any language in the policy to the contrary."

This amendment was added in 1987 after this court ruled in *Constant v. Amica Mutual Insurance Co.*, 497 A.2d 343 (R.I.1985), that the insureds were not entitled to stack the uninsured-motorist benefits of their two separate policies when the policies had specific language prohibiting stacking. Despite the fact that the insureds in *Constant* had paid two separate premiums, this court ruled that the policy's unambiguous limit-of-liability clause "conveys most clearly * * * the maximum limit [that the insurer will pay] regardless of the 'number of * * * vehicles or premiums shown'" on the declarations page. *Id.* at 345.

Since the 1987 amendment, insurance companies have begun charging a single premium for UMBI coverage regardless of the number of vehicles insured. In fact, this court has ruled several times that in situations in which a single premium is paid, regardless of the number of vehicles insured, no stacking of uninsured-motorist coverage is allowed. *Bazar v. Pennsylvania General Insurance Co.*, 657 A.2d 1070 (R.I. 1995); *DePalma v. Metropolitan Property and Liability Insurance Co.*, 615 A.2d 1019 (R.I.1992).

In *DePalma* the insureds had paid a single premium for UMBI coverage on two vehicles.

This court held that "the trial justice was correct in holding that stacking of coverage was neither required by statute nor permitted by the policy in light of the fact that only a single premium was paid." 615 A.2d at 1019. In *Bazar* the plaintiffs paid a single premium to provide uninsured-motorist coverage for three vehicles. As in the instant case the premium charged for multivehicle policies was higher than the premium would have been for a single vehicle. However, the premium for all multivehicle policies was the same regardless of the number of vehicles insured.

The policy in *Bazar* provided for uninsured-motorist coverage in the amount of $300,000 per vehicle. The plaintiffs had sought a declaration that they were entitled to stack all three vehicles' coverage for a total of $900,000 for a single accident. We agreed with the trial justice that no stacking was allowed because the plaintiffs had paid only the single premium. We stated:

> "Applying the statutory language in accordance with its clear and unambiguous meaning, this court concludes that stacking of uninsured motorist coverage is not allowable and that the maximum amount of uninsured coverage for any one accident is $300,000." *Bazar*, 657 A.2d at 1071.

This case is not distinguishable from *Bazar*. The stacking statute is clear and unambiguous. It allows insureds to stack coverage when they have paid two or more separate premiums. In this case the Cardosos paid a single premium for UMBI coverage. The fact that they paid a higher premium because their policy with defendant covered more than one vehicle does not change the essential fact that only one premium was paid. For this reason alone, plaintiff's request for stacking is denied.

We answer the certified question in the negative. The coverage may not be stacked in this situation.

The papers of the case are remanded to the Superior Court for further proceedings.

BOURCIER, J., did not participate.