**GOODING REALTY CORPORATION**

v.

**BRISTOL BAY CVS, INC.**

**No. 99–514–M.P.**

Supreme Court of Rhode Island.

Dec. 26, 2000.

Gerard M. DeCelles, Smithfield, for plaintiff.

Howard E. Walker, Brent Canning, Providence, for defendant.

Present: WEISBERGER, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case came before the Court on a petition for certiorari filed by Bristol Bay, CVS, Inc. (CVS) to review a judgment of the Superior Court that dismissed its appeal from a District Court judgment in a trespass and ejectment case. CVS was the defendant, in the District Court, in an action for trespass and ejectment brought by Gooding Realty Corporation (Gooding) against CVS purportedly for possession and back rent of premises that had been leased by Gooding to CVS for a period of seventeen years for commercial purposes. These premises were located on Gooding Avenue in Bristol, Rhode Island. We issued the writ, and pursuant thereto we now grant the petition for certiorari, quash the decision of the Superior Court, and remand the case to that court with directions to grant a trial on the merits to the parties. The facts of the case insofar as pertinent to this petition for certiorari are as follows.

The lease between CVS and Gooding began on July 2, 1982, and expired by its own terms on May 31, 1999. During 1998, CVS decided to close the store in the Gooding premises and to open a new store approximately two miles away. As a result of this decision, CVS notified Gooding by letter that it would be closing the store located in the leased premises and would vacate the premises on November 7, 1998.

The letter also informed Gooding that CVS would honor the terms of its lease and would continue to pay the rent through the date of termination, on May 31, 1999.

During the month of November 1998, CVS vacated the Gooding property and opened another store at a different location in the Town of Bristol. On December 23, 1998, the assistant treasurer and property manager for Gooding wrote to CVS, reminding its lease administrator that, even though CVS had vacated the store located in Gooding's shopping center, it was the obligation of CVS to see to it that the space be properly maintained and heated during the winter months to prevent damage to the premises. The letter also suggested that periodic inspection by Gooding along with CVS personnel be permitted. To carry out its obligation, CVS retained a set of keys to the Gooding property. From time to time, Gooding obtained the keys from CVS and returned them to CVS (the facts surrounding the keys are a subject of dispute between the parties). CVS continued to pay rent and defray the cost of utilities until May 31, 1999.

After the lease expired on May 31, 1999, Gooding brought an action for trespass and ejectment in the District Court in September 1999, pursuant to G.L.1956 § 34–18.1–9, seeking possession of the premises and also a judgment for back rent. In its answer to the complaint, CVS denied that it was in possession of the premises and denied that it was a holdover tenant. Gooding contended that CVS was a holdover tenant because it had retained the keys to the premises; therefore, it was liable for rent following the termination of the lease.

A trial was held in the District Court seven days after service of the summons in accordance with the summary procedures normally followed in actions for trespass and ejectment for nonpayment of rent. A trial judge in the District Court found as a fact and held as a matter of law that CVS had been a holdover tenant since June 1, 1999, because it had not returned the keys to Gooding. Therefore, judgment was entered in the District Court for possession of the premises and for four months of holdover rent (June, July, August, and September).

CVS filed a timely notice of appeal to the Superior Court and also filed a bond in the full amount of the judgment, plus interest, costs, and attorney's fees. This bond was secured by a deposit in the registry of the court in a sum exceeding $40,000. Had a trial taken place in the Superior Court, CVS would have presented evidence that the keys to the Gooding premises were returned to a representative of the landlord on September 27, 1999. CVS was of the opinion that it had ceased to be a tenant at the end of the period of the lease, but that any doubt concerning its tenancy was removed when the keys were returned on September 27. It, therefore, believed that it had no obligation to pay rent for the month of October.

■ Nevertheless, CVS did proffer the rent for the month of October ($9,000) but did so beyond the due date that would have applied if the tenancy had been in effect. Consequently, Gooding refused to accept the proffer and moved to dismiss the appeal under the provisions of § 34–18.1–18, which reads in pertinent part as follows:

> "Whenever an action for the recovery of real property *** shall be pending on appeal in the superior or supreme court, the defendant *** shall pay to the plaintiff *** sums of money equal to the rent for the premises, which sums shall be paid at such times and in such amounts as rent would be due and payable were the action then not pending. The acceptance of this money shall not constitute a waiver of the right of the plaintiff *** to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant *** as tenants."

When the case was reached for trial in the Superior Court on October 19, 1999, a justice of the Superior Court granted the motion to dismiss the appeal and entered judgment for Gooding. This left in place the judgment of the District Court for possession of the premises and for recovery of back rent. Pursuant to § 34–18.1–19, there was no right of appeal to this Court and, therefore, we review by common law writ of certiorari.

In support of its petition, CVS argues that the Superior Court erred in granting the motion to dismiss its appeal. It contends that before the month of October, possession was no longer an issue and that the only justiciable question before the court was whether CVS was liable for rent subsequent to May 31, 1999. It contends that the purpose of the statutory remedy contained in § 34–18.1–18 is to grant a landlord a summary method of obtaining possession of real property when a tenant remains in possession and declines or fails to pay rent during the litigation and/or during the appellate process. CVS further argues that, when possession is not an issue, the summary remedy of dismissal of an appeal should not be applicable. In support of this position CVS cites our order in *B & R Realty v. Romano*, 651 A.2d 1223 (R.I.1994). In that case, a landlord brought an eviction action in the District Court against Albert C. Romano (Romano or defendant) in his personal capacity. Romano contended that he had executed the lease in his capacity as president of the corporation, ACR Printing, Inc., which was the party to the lease and that he was, therefore, not personally liable for the rent. The District Court held that defendant was personally liable and entered judgment against him for possession and for the payment of back rent. The defendant appealed to the Superior Court but did not file an appeal bond and did not pay rent during the pendency of the appeal. A justice of the Superior Court denied the landlord's motion to dismiss the appeal pursuant to a statute requiring that such a bond be filed. The trial justice declined to

dismiss the appeal, and, after a hearing, granted judgment for the landlord for possession but gave judgment in favor of Romano on the issue of liability for the rent because he had signed the lease only in his capacity as a corporate officer. This Court affirmed the decision of the trial justice.

We are of the opinion that the case at bar presents a similar issue. At the time of the filing of the motion to dismiss the appeal, the question of possession may not have been an issue. If the testimony of the witness of CVS had been believed, the keys to the premises had been returned to Gooding before October began. Essentially the controversy at that point was no longer possession of the premises, but rather the liability of CVS for rent from and after the termination of the lease.

We are of the opinion that the liability of CVS for rent was a justiciable issue on its own merits. Some courts have held that the mere failure to return the key or keys to leased premises will not establish without more that the tenant is a holdover. *See, e.g., Consumers Distributing Co., Ltd. v. Hermann*, 107 Nev. 387, 812 P.2d 1274, 1277 (1991) ("the failure to return keys does not constitute a holdover"); *see also Caserta v. Action for Bridgeport Community Development, Inc.*, 34 Conn.Supp. 561, 377 A.2d 856, 857 (1976) (where landlord had access to the building, whether or not keys had been returned at some later time, and tenant had completely vacated the building with the exception of a machine left on the premises, landlord did not prove that tenant was a holdover); *Hoopes v. Prudential Insurance Co. of America*, 48 Ill.App.3d 146, 6 Ill.Dec. 167, 362 N.E.2d 802, 805 (1977) ("[T]he retention of one key which defendant's secretary used to gain access to the premises to remove a decal from the door may be evidence of possession, but is not conclusive."); 1 *American Law of Property*, § 3.34 at 240 (1952) ("[l]eaving worthless property on the premises, failure to remove a few arti-

cles or the retention of the keys is not \*\*\* holding over within the meaning of the rule").

It is undisputed that CVS did retain utility accounts in its name after the lease was terminated. However, CVS was prepared to present evidence that it retained the utility accounts in its name during the winter months to provide necessary heat and services. If permitted, it would have offered to prove that before October 1 it had taken its name off the utility accounts, as well as returned the keys.

■ We are of the opinion that the summary remedy provided to a landlord to dismiss a trespass and ejectment action and/or appeal if rent is not paid *pendente lite* is designed to restore possession to a landlord who otherwise would be deprived of the use of his property during lengthy litigation without compensation therefor. In numerous cases in which we have held that the Superior Court was without discretion in dismissing such an appeal, the right to possession was in issue. *See Russo v. Fleetwood,* 713 A.2d 775 (R.I.1998); *City of Providence v. S & J 351, Inc.,* 693 A.2d 665 (R.I.1997); *Chalet Nominee Trust v. Ryan,* 672 A.2d 464 (R.I.1996). Although the statute seems unequivocal in its mandate, we believe it subject to the maxim *cessante ratione legis, cessat ipsa lex* ("when the reason for a law no longer exists, the law ceases to apply"). In the case at bar, we deem this maxim to be applicable. At the time the motion to dismiss the appeal was filed, substantial evidence existed that possession of the premises was no longer in issue.

Consequently, the trial justice was in error in declining to consider the significant issue that remained, namely, the status of CVS as a holdover tenant and its liability for rent beyond the date of termination of the commercial lease. CVS had already returned one key and taken its name off the utility accounts. Therefore, this was no longer "an action for the recovery of real property," subject to § 34–18.1–18, but rather an action to recover rent that allegedly remained due after May 31, 1999.

Therefore, we grant the petition for certiorari, quash the judgment dismissing the appeal of CVS, and remand the case to the Superior Court with our decision endorsed thereon and with direction to hold a trial on the merits concerning the liability of CVS for rent that allegedly accrued after May 31, 1999. We emphasize that we are not directing the Superior Court in respect to the outcome of such a hearing, but hold only that CVS is entitled to be heard on this issue. The judgment for possession, entered in the District Court, was never contested and may remain on the record.