**Supreme Court**
No. 2015-307-Appeal.

Progressive Casualty Insurance Co.     :

v.                    :

James S. Dias et al.          :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

### O P I N I O N

**Justice Flaherty, for the Court.**  We are called upon to determine the meaning of the term "same insurance company" under G.L. 1956 § 27-7-2.1(i).  The defendants, James S. Dias and Sarina M. Dunham, appeal from the Superior Court's grant of summary judgment in favor of the plaintiff, Progressive Casualty Insurance Co.  Dias suffered serious injuries in a motorcycle accident and sought to recover underinsured-motorist benefits from the plaintiff, asserting that he was entitled to those benefits pursuant to § 27-7-2.1(i).  On appeal, the defendants argue that summary judgment was granted in error because material issues of fact remained in dispute. Moreover, the defendants contend that the hearing justice incorrectly determined that the plaintiff and another company, Progressive Northern Insurance Co., are not the same insurance company for the purposes of applying § 27-7-2.1(i).

This case came before us for oral argument on November 30, 2016. After carefully considering the record, the parties' written and oral arguments, as well as the thoughtful brief of the amicus,[1] we affirm the Superior Court's ruling.

# I

## Facts and Travel

On September 22, 2012, Dias was seriously injured when a car struck him while he was operating a motorcycle that was registered to his wife, Dunham. At the time of the accident, defendants were insured under two policies issued by companies bearing the "Progressive" label. One policy, which Progressive Northern underwrote, covered the motorcycle that defendant was operating when he was injured. The second policy, underwritten by plaintiff, Progressive Casualty, covered defendants' automobiles. After the accident, Dias settled a bodily injury claim for the tortfeasor's automobile insurance policy limit. Because the amount of that settlement was less than the reasonable amount required to compensate him for his injuries, Dias then made and settled an uninsured-motorist claim against Progressive Northern, also for the policy limit.

However, believing himself to be entitled to further compensation because of the extent of his injuries, Dias then filed a claim with plaintiff for underinsured-motorist benefits under the terms of their automobile policy.[2] The plaintiff denied coverage, asserting that the automobile policy did not provide coverage for the injuries Dias sustained while he was riding the

---

[1] The Rhode Island Association for Justice submitted a brief of amicus curiae.

[2] "The process of obtaining benefits from a second [insurance] policy on the same claim when recovery from the first [insurance] policy alone would be inadequate" is commonly referred to as "stacking." Black's Law Dictionary 1623 (10th ed. 2014). Many jurisdictions specifically bar stacking of uninsured/underinsured-motorist policies. Rhode Island explicitly allows it in certain circumstances, including under G.L. 1956 § 27-7-2.1(i).

motorcycle because the insurance contract contained an "owned-but-not-insured clause"[3] that barred recovery. The defendants do not contest the clarity of this exclusion. Instead, they argue that, because they had two separate policies with Progressive labeled insurance companies, plaintiff must cover Dias' injuries and that the owned-but-not-insured clause is preempted by § 27-7-2.1(i). That statute mandates that, when an insured has multiple uninsured/underinsured policies "with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all the vehicles insured, regardless of any language in the policy to the contrary." Id. The defendants maintain that plaintiff, Progressive Casualty, and Progressive Northern are each part of the same company: The Progressive Corporation.

In response to the claim that Dias brought against it under the policy, plaintiff filed a declaratory-judgment action, requesting that the Superior Court declare that § 27-7-2.1(i) is not applicable because "Progressive Northern Insurance Co. is a completely separate and distinct corporation and business entity from [plaintiff,] Progressive Casualty Insurance Co.," and that, consequently, plaintiff may disclaim coverage with respect to Dias' claim for underinsured-motorist benefits.[4] After nearly one year had elapsed, and after discovery had been initiated, plaintiff moved for summary judgment. After considering each party's written and oral arguments, the hearing justice ruled that plaintiff and Progressive Northern "are distinct entities," and he granted plaintiff's motion. The defendants timely appealed to this Court.

---

[3] An "owned-but-not-insured" provision of an automobile insurance policy excludes from coverage vehicles that the insured owns but which are not specified in the insurance contract.

[4] In its brief, plaintiff says that it did not deny Dias' claim for underinsured-motorist benefits. The record is unclear as to whether Dias' claim was ever formally denied. That said, plaintiff initiated the declaratory-judgment action that is presently being appealed, the outcome of which is dispositive of whether plaintiff must compensate Dias for his injuries.

## II

## Discussion

## A

## Issue on Appeal

The only issue on appeal before this Court is whether Progressive Northern Insurance Co., which insured defendants' motorcycle, and plaintiff, Progressive Casualty Insurance Co., which insured defendants' cars, are, for the purpose of § 27-7-2.1(i), the same company.

## B

## Standard of Review

This Court reviews a trial justice's decision to grant summary judgment de novo. Woodruff v. Gitlow, 91 A.3d 805, 809 (R.I. 2014). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett Inc., 45 A.3d 571, 574 (R.I. 2012)). Furthermore, "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Id. (quoting Great American E & S Insurance Co., 45 A.3d at 574).

Likewise, "[w]e review questions of statutory interpretation de novo." State v. Brown, 140 A.3d 768, 775 (R.I. 2016) (quoting State v. Hazard, 68 A.3d 479, 485 (R.I. 2013)). "[I]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary

meanings." Whittemore v. Thompson, 139 A.3d 530, 540 (R.I. 2016) (quoting Cummings v. Shorey, 761 A.2d 680, 684 (R.I. 2000)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." Id. (quoting GSM Industrial Inc. v. Grinnell Fire Protection Systems Co., 47 A.3d 264, 268 (R.I. 2012)).

### C

### Analysis

### i

Relying on the "reasonable expectations" doctrine, defendants set forth a number of undisputed facts that undergird their argument that plaintiff and Progressive Northern are, for the purposes of the statute, one and the same company. Specifically, defendants argue that, among other things, plaintiff and Progressive Northern use the same claims manual, advertise under the "Progressive" brand, employ the same individuals as Deputy General Counsel and Litigation Underwriting Specialist, and list the same telephone number and website on the declarations page of their policies. Additionally, defendants point out that they purchased both policies from the same agent, who was not instructed to inform them that their insurance policies were issued by separate corporations. According to defendants, the sum of all those facts would lead an ordinary person to the reasonable expectation that plaintiff and Progressive Northern are, indeed, the same company. Whether or not that is true, however, our focus is not on the policies but on the wording of the statute. In our opinion, defendants' reliance on the reasonable expectations doctrine is misplaced, because the doctrine applies to interpreting the language of insurance policies, and not to statutory interpretation.

The long-recognized doctrine of reasonable expectations instructs "that in situations in which the language of an insurance policy is susceptible to more than one reasonable

interpretation, it is strictly construed against the insurer." Pressman v. Aetna Casualty and Surety Co., 574 A.2d 757, 759 (R.I. 1990). Moreover, "[t]he test to be applied is not what the insurer intended * * *, but what the ordinary reader and purchaser would have understood [the language] to mean." Allstate Insurance Co. v. Ahlquist, 59 A.3d 95, 98 (R.I. 2013) (quoting Pressman, 574 A.2d at 760).

Here, however, defendants do not allege that the policy is ambiguous; indeed, they concede that "[t]his is not a case that requires the Court to interpret the language of an insurance policy." Rather, they maintain that, for the purpose of § 27-7-2.1(i), plaintiff and Progressive Northern should be considered as one and the same company. Thus, the issue before us is one of statutory interpretation. We have consistently said that "[i]n matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." Whittemore, 139 A.3d at 540 (quoting GSM Industrial Inc., 47 A.3d at 268). Therefore, it is the intent of the Legislature, and not that of the ordinary reader and purchaser, that must inform our analysis.

**ii**

In an unrebutted affidavit provided by its general counsel, plaintiff asserts that "Progressive Casualty Insurance Company and Progressive Northern Insurance Company are completely separate and distinct corporate entities."[5] Nonetheless, plaintiff and Progressive Northern are wholly owned subsidiaries of The Progressive Corporation. This brings into focus

---

[5] The affidavit goes on to say that plaintiff, "Progressive Casualty Insurance Company, is an Ohio domiciled private company incorporated on November 17, 1956," while "Progressive Northern Insurance Company is a Wisconsin domiciled private company incorporated on August 19, 1980."

the question of whether, for the purpose of § 27-7-2.1(i), plaintiff and Progressive Northern are "the same insurance company."[6]

Section 27-7-2.1(i) provides that:

> "Whenever an insured has paid two (2) or more separate premiums for uninsured motorists' coverage in a single policy of insurance or under several policies with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, regardless of any language in the policy to the contrary."

It is our opinion that the language "same insurance company," as set forth at § 27-7-2.1(i), is clear and unambiguous. Significantly, this Court has previously determined that the statute, as a whole, "is clear and unambiguous." Cardoso v. Nationwide Mutual Insurance Co., 659 A.2d 1097, 1099 (R.I. 1995).[7] Thus, we "must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Whittemore, 139 A.3d at 540 (quoting Cummings, 761 A.2d at 684).

In crafting the statute, the Legislature chose the term "same insurance company." We ascribe to the word "same" its plain and ordinary meaning: "identical; not different." The Oxford Dictionary and Thesaurus 1334 (1996). "Insurance company" is defined as "[a] corporation or association that issues insurance policies." Black's Law Dictionary 925 (10th ed.

---

[6] The defendants contend that whether or not plaintiff and Progressive Northern are the same company is a material question of fact, thus making summary judgment inappropriate at this time. However, it is our opinion that the determinative issue before us is squarely a question of law regarding statutory interpretation, and therefore ripe for summary judgment. Assuming without deciding that defendants' contention is correct, it would not change our opinion. This is so because if an issue of material fact "admits of only one reasonable answer, then the court should intervene and resolve the matter as a question of law." Parker v. Byrne, 996 A.2d 627, 632 (R.I. 2010) (quoting Women's Development Corp. v. City of Central Falls, 764 A.2d 151, 158 (R.I. 2001)). Here, it is our conclusion that there is only one reasonable answer to the question of whether plaintiff and Progressive Northern are the same company; they are not.

[7] In Cardoso v. Nationwide Mutual Insurance Co., 659 A.2d 1097, 1099 (R.I. 1995), this Court was called upon to determine whether the statute required that an insured pay two or more separate premiums, as opposed to a single but higher premium, to stack coverage.

- 7 -

2014). And a corporation is "[a]n entity ([usually] a business) having authority under law to act as a single person distinct from the shareholders who own it * * *." Id. at 415.

We are drawn to the inevitable conclusion that the two wholly owned subsidiaries, each of which is a different corporate entity, are legally distinct from one another and from their parent corporation for the purpose of § 27-7-2.1(i). It follows, then, that because "same" and "different" are antonyms, and if the subsidiaries are different entities, they cannot also be the same entity. Accordingly, we hold that, with regard to § 27-7-2.1(i), plaintiff and Progressive Northern are separate and distinct companies, each of which is also distinct from its common sole shareholder, The Progressive Corporation.[8]

Our opinion comports with well-settled law regarding respect for the corporate structure. We have long held that "the corporation itself is, as a legal person, distinct from the shareholders as natural persons." Arnold v. Ruggles, 1 R.I. 165, 167 (1837); see also Doe v. Gelineau, 732 A.2d 43, 44 (R.I. 1999) (a corporation is "distinct and separate from its individual and often changing stockholders") (quoting Vennerbeck & Clase Co. v. Juergens Jewelry Co., 53 R.I. 135, 138, 164 A. 509, 510 (1933)).

---

[8] Had the Legislature intended to allow stacking of policies issued by subsidiary corporations, it could have employed language similar to verbiage that our sister states used when including subsidiary insurance corporations within a statute. Indiana uses the phrase, "same insurer or a subsidiary or an affiliate." Ind. Code Ann. § 27-7-5-2(b) (West 2013). Meanwhile, Delaware's statute says, "the same insurer or affiliated insurers." Del. Code Ann. tit. 18, § 3902(c) (West 2013). Furthermore, it is clear that our Legislature understands how to draw out the distinction between a parent and subsidiary when it desires to do so. See, e.g., G.L. 1956 § 17-27-3(c) ("[p]arent, affiliate, or subsidiary entities of a state vendor"); G.L. 1956 § 27-43-1(1) ("'Affiliated company' means any corporation controlled by or an affiliate of a parent * * *."); G.L. 1956 § 28-7-16(c) ("same labor organization or between labor organizations affiliated with the same parent labor organization").

- 8 -

# III

## Conclusion

For the reasons set forth above, we affirm the judgment of the Superior Court. The record is remanded to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**         Progressive Casualty Insurance Co. v. James S. Dias et al.

**CASE NO:**         No. 2015-307-Appeal.
(PC 13-4560)

**COURT:**         Supreme Court

**DATE OPINION FILED:**   January 6, 2017

**JUSTICES:**         Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**         Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Richard A. Licht

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Gregory A. Carrara, Esq.
                Hillary J. Giles, Esq.

For Defendants:  Richard I. Abrams, Esq.