May 22, 2026

**Supreme Court**

No. 2024-340-M.P.
(KD 24-932)

Pioneer Investments, LLC  :

v.  :

Nicole McKiernan.  :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Pioneer Investments, LLC          :

v.                                :

Nicole McKiernan.                 :

Present: Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**   This case comes before the Court pursuant to a writ of certiorari issued upon petition by the defendant, Nicole McKiernan (McKiernan), seeking review of an order granting the plaintiff, Pioneer Investments, LLC (Pioneer)'s motion to dismiss McKiernan's Superior Court appeal.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we quash the order of the Superior Court.

## Facts and Travel

In 2024, McKiernan and her young son lived in a residential property owned by Pioneer.  Per her lease agreement, McKiernan paid a monthly rent of $1,150, due

on the first of each month. However, when McKiernan failed to tender rent for the month of August 2024, Pioneer filed an action for eviction in the District Court for nonpayment of rent, seeking possession of the apartment and $850 of back rent. On September 19, 2024, after a hearing in the District Court, judgment entered in favor of Pioneer awarding it possession and $1,098.33 in damages. From that judgment, McKiernan filed an appeal to the Superior Court.

On appeal in the Superior Court, McKiernan filed an answer to Pioneer's complaint raising an affirmative defense that Pioneer was noncompliant with G.L. 1956 § 34-18-22, specifically alleging that the premises were uninhabitable due to faulty plumbing and a sewage fly infestation. McKiernan also pled a counterclaim on the same basis, seeking damages and injunctive relief. The next day, Pioneer filed a motion to dismiss arguing that because McKiernan had failed to pay rent for the month of September 2024, her appeal must be dismissed under the Residential Landlord and Tenant Act, G.L. 1956 chapter 18 of title 34. Specifically, Pioneer argued that under § 34-18-53, "in the event that a tenant fails to make prompt payment of all sums when due, pursuant to [§ 34-18-52], the Court in which the appeal is pending shall, upon the motion of the landlord and proof of such nonpayment, enter an order for the entry of judgment in favor of the landlord."

A hearing on the motion commenced on October 11, 2024.[1]  Pioneer asserted that although McKiernan had paid rent on October 1, 2024, McKiernan had not paid eleven days of her September rent.  Pioneer explained that although the September rent predating the entry of judgment in the District Court was not due (September 1-19, 2024), the portion of rent remaining after the entry of judgment (September 20-30, 2024), which totaled $421.67, was due and owing.  Because McKiernan had not paid that amount, Pioneer argued, the court must dismiss her appeal.

In response, McKiernan conceded that she had not paid the outstanding portion of September rent, but argued that § 34-18-52 should be construed such that "only the full month's rent that comes due while the action is pending in [S]uperior [C]ourt is due in full, in this case the $1,150, which was paid in full on October 1st of this year."

After considering both parties' arguments, the trial justice granted Pioneer's motion to dismiss, explaining that § 34-18-52 did not make the qualification that only the full month's rent that comes due during the pendency of the action is due and owing.  An order entered on October 11, 2024, dismissing McKiernan's appeal.  McKiernan then petitioned this Court for a writ of certiorari, which we granted.

---

[1] We note that while the hearing transcript was appended to both McKiernan's petition for writ of certiorari and statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, it was not formally transmitted to this Court.

- 3 -

On May 15, 2025, Pioneer filed a motion to dismiss the writ, contending that McKiernan had again failed to pay rent, this time for the month of May 2025, thus triggering dismissal under the Residential Landlord and Tenant Act. Specifically, Pioneer alleged that on April 14, 2025, McKiernan had alerted the property manager that she would be vacating the premises on May 1, 2025, short of the thirty-day notice requirement outlined in the parties' lease agreement. Therefore, Pioneer contended, McKiernan was required to pay rent on May 1, 2025, and because she vacated the apartment without doing so, her appeal before this Court must be dismissed. We denied Pioneer's motion and directed the parties to address the issue in supplemental memoranda.

**Standard of Review**

"On certiorari, this Court will not weigh the evidence; we limit the scope of our review to the record as a whole to determine whether any legally competent evidence exists therein to support the trial court's decision or whether the trial court committed error of law in reaching its decision." *Verizon New England Inc. v. Savage*, 337 A.3d 689, 693 (R.I. 2025) (quoting *Beagan v. Rhode Island Department of Labor and Training*, 162 A.3d 619, 626 (R.I. 2017)). "[A] trial justice's findings on 'questions of law and statutory interpretation are reviewed *de novo* by this Court.'" *LMG Rhode Island Holdings, Inc. v. Office of McKee*, 335 A.3d 444, 448

- 4 -

(R.I. 2025) (quoting *Westconnaug Recovery Company, LLC v. U.S. Bank National Association as Trustee for AMRT 2007-2*, 290 A.3d 364, 366 (R.I. 2023)).

## Discussion

Before this Court, McKiernan argues that the trial justice incorrectly interpreted the plain language of § 34-18-52, which she argues is forward-looking and only applies to rent next due after an appeal is taken. In response, Pioneer argues that the trial justice properly granted its motion because the statute contains no forward-facing payment distinction, and that therefore rent for the unpaid period was "incontrovertibly due and payable."

"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Rosario v. Nationstar Mortgage, LLC*, 332 A.3d 173, 178 (R.I. 2025) (brackets omitted) (quoting *Progressive Casualty Insurance Co. v. Dias*, 151 A.3d 308, 311 (R.I. 2017)). "When performing our duty of statutory interpretation, this Court considers the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *New England Property Services*

*Group, LLC v. Vermont Mutual Insurance Company*, 331 A.3d 730, 736 (R.I. 2025)

(quoting *Sosa v. City of Woonsocket*, 297 A.3d 120, 124 (R.I. 2023)).

Two interconnected sections of the Residential Landlord and Tenant Act are now before us. Section 34-18-52 provides:

> "Whenever an action for the recovery of real property is pending on appeal in the superior or supreme court, the tenant in the action shall pay to the landlord sums of money equal to the rent for the premises, which the sums shall be paid at such times and in such amounts as rent would be due and payable were the action not then pending. The acceptance of these sums shall not constitute a waiver of the right of the landlord to obtain possession of the premises, nor shall their receipt be deemed to reinstate the tenancy."

Section 34-18-53 provides:

> "In the event that the tenant fails or refuses to pay all sums promptly when due, in accordance with the provisions of § 34-18-52, the court in which the case is pending, shall, without any trial on the merits, on motion of the landlord, and after hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgment and the issuance of the execution and the prompt service thereof, and from that order there shall be no appeal. The papers shall be forthwith returned to the district court which shall upon payment of the required fee, issue an execution without further delay."

Furthermore, in 2011, the Superior Court issued an administrative order addressing the application of both statutes. The order provides, in relevant part:

> "[W]henever payments are required under § 34-18-52, a tenant first becomes obligated to make such payments on the day of the month when he/she would next have been

obligated to pay rent but for the eviction proceeding. For example, if the tenant previously was obligated to pay rent on the first of the month and an appeal becomes pending after the first of a month, the tenant would not be required to make a payment under § 34-18-52 until the first of the next month following the date when the appeal became pending.

"No judgment should enter under § 34-18-53 unless and until a tenant fails to pay an amount equal to rent on the day of the month when rent would have been due if no eviction action were pending." Superior Court Administrative Order No. 2011-12.

Although we are not bound by this order, we find it instructive, as it comports with the plain meaning of the statutory language. Section 34-18-52 requires tenants, while an appeal is pending, to pay rent "at such times and in such amounts as rent would be due and payable were the action not then pending." The clear and unambiguous meaning of this language is that, during the pendency of an appeal, a tenant must pay rent on the next date rent would be due, in many cases the first of the month. Section 34-18-53 further cements this reading, as it provides that a tenant must provide rent "*promptly when due*" or face dismissal of their appeal. (Emphasis added.) There is no support in the statute for the position that a tenant must pay the *per diem* share of rent due between the filing of an appeal and the next due date of rent or face dismissal.[2] In our view, the statute quite clearly states the opposite.

---

[2] Pioneer posited, in its briefing and at oral argument, that if we were to interpret the statute this way, tenants could simply choose to file an appeal on the second of the month to avoid payment of rent. We reject this contention for several reasons. First,

Accordingly, the trial justice erred in dismissing McKiernan's appeal for failure to pay a portion of the past-due September rent.

Having settled the application of §§ 34-18-52 and 34-18-53 to McKiernan's Superior Court appeal, we are now faced with McKiernan's failure to pay rent for the month of May 2025, during the pendency of this writ. Pioneer argues that because McKiernan failed to either provide proper notice that she intended to vacate the apartment or tender rent for the month of May, the instant action must be dismissed under § 34-18-53. In response, McKiernan argues that § 34-18-52 does not apply because (1) a writ of certiorari is not an appeal within the meaning of the statute, and (2) McKiernan had vacated the apartment, therefore the pending Superior Court action is no longer an action for the recovery of real property.

The clear and unambiguous language of § 34-18-52 states that the statute does not apply unless the pending action seeks the recovery of real property. *See* § 34-18-52. The clear intent of § 34-18-53 is "to restore possession to a landlord who otherwise would be deprived of the use of his property during lengthy litigation without compensation therefor" if a tenant fails to make proper payments pursuant

as McKiernan pointed out on rebuttal, a tenant only has five days from the entry of judgment to file their appeal. G.L. 1956 § 34-18-47; § 9-12-10.1. In practicality, the supposition that a tenant could somehow manipulate the pendency of an eviction action to circumvent a single month's payment of rent holds no water. Moreover, even if that were the case, the landlord would still have an action against the tenant for that month's rent.

to § 34-18-52. *Gooding Realty Corporation v. Bristol Bay CVS, Inc.*, 763 A.2d 650, 654 (R.I. 2000).[3]  The parties agree that on April 14, 2025, McKiernan informed Pioneer of her intent to vacate the apartment on April 30, 2025, and that McKiernan did in fact vacate and return her keys by that date.  Whether McKiernan violated the terms of her lease agreement and is liable for May rent is an issue of damages not yet dealt with by a lower court and is therefore not before this Court for resolution.  Regardless of McKiernan's potential liability, because she had vacated the apartment prior to Pioneer's motion to dismiss the writ, the action was no longer an action for the recovery of real property. *See Gooding*, 763 A.2d at 653 (holding that

---

[3] *Gooding Realty Corporation v. Bristol Bay CVS, Inc.*, 763 A.2d 650 (R.I. 2000), concerned G.L. 1956 § 34-18.1-18, which is substantively identical to the statute at issue here, except that it applies to commercial rather than residential leases.  The statute provides:

> "Whenever an action for the recovery of real property covered by this chapter shall be pending on appeal in the superior or supreme court, the defendant or defendants in the action shall pay to the plaintiff or plaintiffs sums of money equal to the rent for the premises, which sums shall be paid at such times and in such amounts as rent would be due and payable were the action then not pending. The acceptance of this money shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as tenants." Section 34-18.1-18.

The chapter also contains a provision substantively identical to § 34-18-53, mandating dismissal of an appeal for failure to comply with § 34-18.1-18. *See* § 34-18.1-19.

G.L. 1956 § 34-18.1-18 did not apply because "[e]ssentially the controversy at that point was no longer possession of the premises, but rather the liability of [the defendant] for rent from and after the termination of the lease"). As in *Gooding*, "this was no longer 'an action for the recovery of real property,' * * * but rather an action to recover rent that allegedly remained due * * *." *Id.* at 654. Accordingly, we remand the matter to the Superior Court to determine the appeal on the damages portion of the District Court judgment, as well as any damages due and owing for the failure to pay May rent.

The parties contest whether § 34-18-52 applies to a writ of certiorari. However, because we have determined that the pending lower court action is no longer an action for the recovery of real property, we need not address that issue.

## Conclusion

For the reasons set forth herein, we quash the order dismissing McKiernan's appeal and remand the case to the Superior Court.

Justice Goldberg did not participate.



STATE OF RHODE ISLAND

SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Pioneer Investments, LLC v. Nicole McKiernan. |
| **Case Number** | No. 2024-340-M.P.<br>(KD 24-932) |
| **Date Opinion Filed** | May 22, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice William E. Carnes |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Kenneth Kando, Esq. |
| | For Defendant:<br><br>Samuel E. Cramer, Esq. |